[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10074

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00116-CV-ORL-22-JGG

HI LIMITED PARTNERSHIP,
a Florida Limited Partnership,
HOOTERS OF AMERICA, INC.,
a Georgia Corporation,

                                        Plaintiffs-
                                        Counter-Defendants-
                                        Appellants,

                    versus

WINGHOUSE OF FLORIDA, INC.,
a Florida Corporation,
WINGHOUSE OF KISSIMMEE, LLC,
a Florida Limited Liability Company,
KER, INC.,
a Florida Corporation,
WINGHOUSE OF ORLANDO, INC.,
a Florida Corporation,
WINGHOUSE IX, INC.,
a Florida Corporation,
WINGHOUSE XI, LLC,
a Florida Limited Liability Company,
WINGHOUSE XII, LLC,
a Florida Limited Liability Company,

                                        Defendants-
                                        Counter-Claimants-
                                        Appellees,

TERRA NOVA INSURANCE COMPANY,

                                                    Defendant.

                              _____

                        Appeal from the United States District Court
                             for the Middle District of Florida

                              _____

                                    **(June 15, 2006)**

Before ANDERSON, BARKETT and BOWMAN,[*] Circuit Judges.

BARKETT, Circuit Judge:

     Appellants ("Hooters") appeal from the district court's judgment as a matter

of law on their claims of trade dress infringement, trade dress dilution, and unjust

enrichment.  Hooters also appeals a jury verdict for Ker, Inc. ("Ker"), on its

counterclaim alleging that a 1997 settlement agreement barred Hooters from

bringing the present suit.  The jury awarded Ker $1.2 million in attorneys fees as

damages arising from Hooters' alleged breach of that settlement.

     Upon careful *de novo* review of the briefs and record in this case, we find,

for the reasons articulated by the district court, that Hooters's trade dress

infringement and dilution claims fail as a matter of law.  Accordingly, its state-law

claim of unjust enrichment must also fail, founded as is it on the proposition that

Appellees infringed and diluted Hooters's trade dress.

---

     [*] Honorable Pasco M. Bowman, II, United States Circuit Judge for the Eighth Circuit,
sitting by designation.

With regard to Ker's counterclaim, Hooters argues that the alleged 1997 settlement agreement violated Florida's Statute of Frauds and that, for this reason, the district court should have granted its motion for a directed verdict.[1] At trial, Ker argued that its obligations under the oral agreement were fully performed within 90 days, thereby removing the agreement from the Statute. The district court denied Hooters's motion for a directed verdict and submitted the question to the jury. The jury, having been instructed on the defense of full performance without any objection from Hooters, entered its verdict for Ker. Hooters filed neither a motion for judgment notwithstanding the verdict (JNOV) nor a motion for a new trial. On appeal, Hooters argues that the district court erred in submitting the matter to the jury because Ker did not fully perform and the Statute of Frauds barred relief on the counterclaim.

Whatever its merits, we are precluded from considering Hooters's argument. In the recent case of Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 126 S. Ct. 980 (2006), the Supreme Court explicitly rejected the very rule urged upon us by Hooters, which would allow "a party that has failed to file a postverdict motion . . . [to] nonetheless raise such a claim on appeal, so long as that party filed a Rule 50(a) motion prior to the submission of the case to the jury." Id. at 984 (citing

---

[1] Fla. Stat. § 725.01, provides in relevant part: "[n]o action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . ., unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith . . . ."

<u>Cummings v. Gen. Motors Corp.</u>, 365 F.3d 944, 950-51 (10th Cir. 2004)).

Clarifying that its "cases addressing the requirements of Rule 50" do not permit *any* relief under such circumstances, the Court held that "a party is not entitled to pursue [even] a new trial on appeal unless that party makes an appropriate postverdict motion in the district court." <u>Id.</u> at 983, 987.

Moreover, we are not persuaded by Hooters's suggestion that two Eleventh Circuit precedents formerly permitted the result now foreclosed by the Supreme Court's ruling in <u>Unitherm</u>. Although it is true that, in <u>Jackson v. Seaboard Coast Line R.R. Co.</u>, 678 F.2d 992 (11th Cir. 1982), we remanded for a new trial rather than reverse a pre-verdict denial of judgment as a matter of law, a post-verdict motion for a new trial *had* in fact been made in the district court. Furthermore, our decision in <u>United States v. Valdosta-Lowndes County Hospital Authority</u>, 696 F.2d 911 (11th Cir. 1983), which relied exclusively on <u>Jackson</u> to grant a new trial where the appellant sought reversal of an unfavorable Rule 50(a) ruling, contains no indication that a post-verdict motion for a new trial had *not* been made in the district court.

Filing a pre-verdict, Rule 50(a) motion for judgment as a matter of law cannot excuse a party's post-verdict failure to move for either a JNOV or a new trial pursuant to Rule 59(b). In this case, Hooters concedes that it made neither motion. Accordingly, this court has no authority to consider its appeal from the

4

jury verdict below.

**AFFIRMED.**