[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16265
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2010
JOHN LEY
CLERK

D.C. Docket No. 06-00254-CV-HLM-4

G. RANDY PAYNE,
JUDY PAYNE,

Plaintiffs-Appellants,

versus

REDMOND PARK HOSPITAL, LLC,
d.b.a. Redmond Regional Medical Center,
CHARLES MAY, MD,
S. JOE VAUGHN, MD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

( August 25, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Plaintiff G. Randy Payne suffered from knee pain. His primary care physician, Defendant S. Joe Vaughn, M.D., recommended that he visit Defendant Charles May, M.D., an orthopedic surgeon. Upon examining Payne's knee, Dr. May recommended a total knee replacement due to severe degenerative arthritis. After a series of tests, Payne was cleared for surgery, and Dr. May performed the knee replacement at Redmond Regional Medical Center in Rome, Georgia. The surgery itself was uneventful, but a few days later, Payne experienced complications, including neurological symptoms and the development of a large hematoma around his knee. Payne underwent a second surgery to remove the hematoma and was hospitalized for over thirty days.

Payne and his wife Judy brought this medical malpractice action against Defendants Redmond Park Hospital, Dr. Vaughn, and Dr. May in the United States District Court for the Northern District of Georgia under the court's diversity jurisdiction.[1] The complaint alleged that Dr. May and Dr. Vaughn were negligent in providing medical treatment, which caused Payne to undergo the additional surgery to evacuate the hematoma. It further alleged that Redmond was liable for Payne's

---

[1]Finding the allegations of the Complaint deficient, this court raised *sua sponte* the question of the district court's jurisdiction. We invited a motion for leave to amend. A motion was filed, which together with the response, established diversity jurisdiction. We granted the motion pursuant to our statutory authority under 28 U.S.C. § 1653.

injuries due to the negligence of nurses and other Redmond employees who provided post-operative care following the knee replacement surgery.

The court entered a scheduling order, which provided that all motions to amend the pleadings must be filed by April 30, 2007. On October 15, 2008, Plaintiffs filed a motion to amend the complaint to add a factual allegation that Payne suffered from an infection at the site of his knee replacement surgery. The motion was denied. Redmond moved for summary judgment and moved to exclude the testimony of Plaintiffs' expert witness, G. Lee Cross, M.D. These motions were granted. The case against Dr. May and Dr. Vaughn proceeded to a jury trial. The jury returned a verdict in favor of Dr. May and Dr. Vaughn, and the court entered judgment for Defendants. Plaintiffs appeal, challenging: (1) the denial of their motion to amend; (2) the exclusion of their expert witness; (3) the grant of summary judgment to Redmond; and (4) the judgment entered in favor of Dr. May and Dr. Vaughn.

We first address Plaintiffs' motion to amend the complaint. Because they filed the motion after the deadline set forth in the scheduling order, Plaintiffs were required to show good cause to modify that order. Fed. R. Civ. P. 16(b)(4). Rule 16's good cause standard "precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (internal

quotation and citation omitted). The motion to amend was prompted by a newly discovered infection at the site of Payne's knee surgery, an infection that Plaintiffs allege existed since the surgery. Plaintiffs assert no credible reason why this infection could not have been discovered and diagnosed prior to the expiration of the scheduling order. They have not shown that despite due diligence, they could not comply with the terms of the scheduling order. Therefore, the court did not abuse its discretion in denying the motion to amend.

We next turn to the exclusion of Plaintiffs' expert witness, Dr. Cross, and the court's grant of summary judgment in favor of Redmond. Dr. Cross is a licensed Georgia physician certified in orthopedic and spine surgery. Plaintiffs assert that Dr. Cross was qualified to render an opinion regarding the appropriate standard of care for nurses tending to a patient after surgery. Plaintiffs intended for Dr. Cross to offer opinion testimony regarding neurological symptoms Payne suffered as a result of any negligence on the part of Redmond's nurses. Relevant testimony in the form of an opinion by "a witness qualified as an expert by knowledge, skill, experience, training, or education" is admissible if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. After review of the record, we find no reversible error in the court's analysis

4

appearing in its order granting Redmond's motion to exclude the testimony, which concluded that Dr. Cross is not qualified to testify about Payne's alleged neurological symptoms, that his opinions are unreliable, and that his opinions are irrelevant to the case. (R.2-107 at 32-39.) Therefore, we hold that the court did not abuse its discretion in excluding Dr. Cross's testimony in its entirety. As to the grant of summary judgment, Plaintiffs' sole argument on appeal is that if Dr. Cross's testimony is admitted, genuine issues of material fact would preclude summary judgment. Plaintiffs appear to concede that without considering Dr. Cross's testimony, Redmond is entitled to summary judgment; we agree. So, because the exclusion of Dr. Cross's testimony was proper, we affirm the grant of summary judgment in favor of Redmond.

Plaintiffs also contend that there was insufficient evidence to support the jury's verdict in favor of Defendants Dr. Vaughn and Dr. May. Plaintiffs, however, did not file a post-verdict motion for judgment as a matter of law pursuant to Rule 50(b). Where a party challenging a jury verdict fails to make an appropriate post-verdict motion in the district court, we are precluded from considering a sufficiency of the evidence argument on appeal. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 407, 126 S. Ct. 980, 989 (2006); *HI Ltd. P'hip v. Winghouse of Florida*

*Inc.*, 451 F.3d 1300, 1302 (11th Cir. 2006). This court has no authority to consider an appeal of the jury verdict in favor of Defendants Dr. Vaughn and Dr. May.

AFFIRMED.[2]

---

[2]Dr. Vaughn moves for sanctions for the filing of a frivolous appeal. This motion is DENIED.