[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01278-RAL-TGW

JAMES R. JOHNSON,

                                        Plaintiff-Appellant,

versus

GUERRIERI MANAGEMENT, INC.,
a Florida Corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 15, 2011)

Before HULL, PRYOR and FAY,  Circuit Judges.

PER CURIAM:

James Johnson appeals the jury's verdict in favor of Guerrieri Management, Inc., in his employment discrimination action brought under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). 38 U.S.C. §§ 4311-13. On appeal, Johnson contends that a series of rulings and remarks by the district court had the cumulative effect of depriving him of a fair trial. He also asserts that the district court should have granted judgment as a matter of law in his favor on his discrimination and reemployment claims. Finally, Johnson argues that the district court abused its discretion by refusing to instruct the jury regarding 38 U.S.C. § 4312(e)(3), which provides that an employee who delays his return to work does not automatically forfeit his right to reemployment under USERRA. For the reasons stated below, we affirm.

I.

We have recognized that the cumulative effect of multiple errors by a district court may deprive a litigant of a fair trial. *See United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (addressing cumulative error in the context of a criminal trial). In conducting a cumulative error analysis, we must consider the combined effect of all the errors identified by the appellant, including any harmless errors. *Id.* An error is harmless if it had no effect on the appellant's substantial rights. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276

2

(11th Cir. 2008).  In this case, Johnson argues that the district court committed several distinct errors.  We will address each of the asserted errors in turn, and then consider whether the cumulative effect of any errors deprived Johnson of a fair trial.

A.  The Order Directing Johnson Not to Wear His Military Uniform at Trial

Johnson's first contention is that the district court erred by ordering him not to wear his military uniform during trial.  Even assuming for the sake of argument that this order was erroneous, the error was harmless.  The jury was made aware that Johnson was a member of the Army Reserves, and the fact that Johnson was not wearing his uniform could not have had any impact on the jury's verdict.  Thus, Johnson is not entitled to a new trial based on this ruling.  *See Goldsmith*, 513 F.3d at 1276; Fed.R.Civ.P. 61 (explaining that an error does not constitute grounds for a new trial or setting aside a verdict unless it affected a party's substantial rights).

B.  Exclusion of Testimony from Johnson's Military Witnesses

Next, Johnson asserts that the district court erred by excluding testimony from five service members who would have testified regarding his military orders.  We review a district court's evidentiary rulings for an abuse of discretion.  *Goldsmith,* 513 F.3d at 1276.  Evidence is relevant if it has "any tendency to make

3

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Here, the district court did not abuse its discretion by excluding the testimony of Johnson's military witnesses. According to Johnson, those witnesses were going to testify regarding the military orders that he had received. That testimony was not material to this case because Guerrieri Management conceded that it had received adequate notice of Johnson's orders. The dispute in this case was whether Guerrieri Management refused to reemploy Johnson after he completed his military service. Because the military witnesses apparently did not have any personal knowledge regarding that issue, the district court correctly concluded that their testimony was not relevant.

C. The District Court's Comments Regarding the Military Witnesses

Johnson also argues that the district court improperly questioned why the military witnesses were remaining in the courtroom as spectators. We review a district court's conduct during trial for an abuse of discretion. *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). "In order to amount to reversible error, a judge's remarks must demonstrate such pervasive bias and

unfairness that they prejudice one of the parties in the case." *Id.* (quotation and alteration omitted).

Contrary to Johnson's suggestion, the district court did not ask why the military witnesses were still in the courtroom. Instead, when Johnson announced that some of the witnesses might remain to watch the proceedings, the district court stated, "That's fine. It's a public trial." That innocuous remark did not reflect any bias or prejudice against Johnson, and, therefore, it cannot serve as the basis for granting a new trial. *See Verbitskaya*, 406 F.3d at 1337.

### D. Liquidated Damages

Next, Johnson argues that the district court erred by granting judgment as a matter of law to Guerrieri Management on his claim for liquidated damages. Under USERRA, an employee is entitled to an award of liquidated damages equal to his compensatory damages if he can establish that his employer willfully violated the statute. 38 U.S.C. § 4323(d)(1)(C). In this case, the jury found that Guerrieri Management did not violate USERRA, so it never reached the issue of damages. Therefore, any error in the district court's ruling on Johnson's claim for liquidated damages was harmless. *See Goldsmith*, 513 F.3d at 1276.

### E. Jury Instruction Regarding Offers of Reinstatement

Johnson also contends that the district court should not have given a jury instruction on unconditional offers of reinstatement. "We review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." *Palmer v. Bd. of Regents of Univ. Sys. of Ga.,* 208 F.3d 969, 973 (11th Cir. 2000). In an employment discrimination case, a plaintiff has a duty to mitigate damages. *See Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982) (Title VII case). If the jury finds that the plaintiff unreasonably refused an offer of reinstatement from his employer, then the plaintiff's award of back pay must be reduced. *Id.* at 231-32, 102 S.Ct. at 3066.

In this case, the district court accurately instructed the jury regarding offers of reinstatement and Johnson's duty to mitigate damages. *See Ford Motor Co.*, 458 U.S. at 231-32, 102 S.Ct. at 3065-66. Johnson argues that Gordon Guerrieri's remarks during the April 2009 unemployment compensation hearing did not amount to an offer of reinstatement, but that was a disputed issue of fact for the jury to resolve. The district court did not err by issuing the challenged instruction.

F. District Court's Comment Regarding Johnson's Rule 50(a) Motion

Johnson also objects to a remark that the district court made to his counsel. After the district court denied Guerrieri Management's motion for judgment as a

6

matter of law on Johnson's reemployment claims, Johnson's counsel started to argue that his client was entitled to judgment as a matter of law on that claim. The district court responded, "Mr. Dawson, with all respect don't waste your breath and my time." The district court observed that there were disputes of fact that would have to be resolved by the jury.

As noted above, a district court's remarks will not be grounds for reversal unless they demonstrate pervasive bias or prejudice against a party. *See Verbitskaya*, 406 F.3d at 1337. Here, the district court's brief remark to Johnson's counsel did not demonstrate that the court was biased against Johnson or his counsel. Therefore, that remark cannot serve as the basis for a new trial. *See id.*

## G. Cumulative Error

In this case, Johnson has identified, at most, one harmless error in the district court's order directing him not to wear his military uniform, and an issue regarding liquidated damages that became irrelevant in light of the jury's finding that Guerrieri Management did not violate USERRA.[1] Even assuming that those two rulings were erroneous, they did not have any impact on the outcome of the

---

[1]Johnson argues for the first time in his reply brief that the overall atmosphere of the trial was "hostile and humiliating." He also objects to remarks made by counsel for Guerrieri Management during closing arguments. Because Johnson did not raise those arguments in his initial brief, we will not consider them. *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (explaining that this Court does not address arguments raised for the first time in a reply brief).

7

case. Thus, Johnson has failed to establish cumulative error warranting a new trial. *See Baker*, 432 F.3d at 1223.

II.

Fed.R.Civ.P. 50(a) permits a party to move for judgment as a matter of law before a verdict has been returned. A party may then renew its motion for judgment as a matter of law under Fed.R.Civ.P. 50(b) after the jury has returned its verdict. The Supreme Court has explained that, if a party fails to make a Rule 50(b) motion, an appellate court lacks the power to direct the district court to enter a judgment in favor of that party. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01, 126 S.Ct. 980, 985, 163 L.Ed.2d 974 (2006).

In this case, Johnson made a Rule 50(a) motion at the close of his case, but he did not renew that motion under Rule 50(b) after the jury returned its verdict. Although Johnson argues that we still may review for plain error, the Supreme Court explained in *Unitherm* that an appellate court has no authority to consider a challenge to the sufficiency of the evidence unless the appellant filed a Rule 50(b) motion in the district court. *See Unitherm*, 546 U.S. at 400-01, 407, 126 S.Ct. at 985, 989. This means that an appellate court may not correct even a plain error. *See Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1301-02 (11th Cir. 2006) (explaining that a party's failure to file a Rule 50(b) motion bars any

8

appellate review of the sufficiency of the evidence); *see also Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) ("*Unitherm* precludes even plain error review when a party fails to file a Rule 50(b) motion."); *Hertz v. Woodbury Cnty, Iowa*, 566 F.3d 775, 780-81 (8th Cir. 2009) (same). Thus, we may not review Johnson's challenge to the sufficiency of the verdict.

### III.

We review a district court's decision not to give a requested jury instruction for an abuse of discretion. *Beckford v. Dep't of Corr.*, 605 F.3d 951, 957 (11th Cir. 2010). A district court's failure to give a requested instruction constitutes reversible error if the instruction: (1) was correct; (2) was not substantially covered by the other instructions given; and (3) the failure to give the instruction seriously impaired a party's ability to argue his case. *Id.*

Here, Johnson asked for a jury instruction on 38 U.S.C. § 4312(e)(3), which provides that an employee's failure to timely report to work at the conclusion of his military service does not result in an automatic waiver of his right to reemployment. Guerrieri Management, however, did not contend that Johnson waived his right to reemployment by failing to return to work in a timely fashion. During closing arguments, defense counsel expressly disavowed that theory, stating, "We have never asserted in this case that he was untimely in reporting

9

back to work and that's why we didn't give him his job back. That's not the circumstance here and we don't contend that."

Defense counsel did make some references to Johnson's delay in reporting, but he did so only to suggest that it was unreasonable for Johnson to expect immediate reinstatement and that it was appropriate for Guerrieri Management to take some time to decide where to assign Johnson. Because Guerrieri Management did not take the position that it terminated Johnson because of his delay in returning to work, there was no need for a jury instruction on § 4312(e)(3). Accordingly, we affirm.

**AFFIRMED.**