[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14850

Non-Argument Calendar

_____

MATTHEW KOPCSAK,

Plaintiff-Appellee.

*versus*

ROGER DALE REGISTER,
DEBORAH C. REGISTER,

Defendants-Appellants.

ADVANCED REALTY CONCEPTS, INC.,
a Florida corporation,

2                    Opinion of the Court                    20-14850

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:17-cv-00212-TKW-HTC

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Defendants-Appellants Roger Dale Register and Deborah C. Register (the "Registers") appeal from the district court's final order, following a jury trial, that granted relief under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, to Plaintiff-Appellee Matthew Kopcsak. On appeal, the Registers argue that: (1) they are exempt from the FHA under 42 U.S.C. § 3603(b)(1); and (2) the record on appeal does not support the jury verdict that the Registers harassed or retaliated against the plaintiff after he requested an accommodation. After thorough review, we affirm.

The relevant background is this. Kopcsak, a disabled Army veteran, rented a single-family house owned by the Registers from approximately 2013 to 2015. The rent paid by Kopcsak was deposited into the bank account of Advanced Realty Concepts ("ARC"), a closely-held S-corporation solely owned by Mr. Register. ARC paid the mortgage payments, taxes, and repairs on the house.

In March 2017, Kopcsak filed a complaint against the Registers, alleging that they violated the FHA by refusing his request to keep a service dog at the property and that they retaliated against him in response to his request for the service dog. The original complaint alleged three counts, each one seeking relief from "Defendants Roger Dale Register, Deborah C. Register, and Advanced Realty Concepts, Inc." (collectively, the "Defendants"). On October 21, 2019, the district court granted the Defendants' motion for summary judgment on Count I as to ARC,[1] concluding that ARC was exempt from the FHA since it owned fewer than three single-family houses. However, the court determined that the Registers were not exempt from the FHA and denied the motion as to them. On October 29, 2020, the district court granted Kopcsak's motion to amend the complaint to remove Count II pursuant to Federal Rule of Civil Procedure 15.

Because the remaining counts in Kopcsak's complaint consisted of alleged violations of the FHA (Counts I and III), the case proceeded solely against the Registers and a jury trial was held on November 30 and December 1, 2020. On December 1, the jury returned a verdict against the Registers on both remaining counts, and awarded $50,000 in compensatory damages and $300,000 in punitive damages. Judgment was entered against "Defendants,

---

[1] The Defendants had filed the motion as a motion to dismiss, but the district court gave notice and treated it as a motion for summary judgment.

4                    Opinion of the Court                    20-14850

ROGER DALE REGISTER and DEBORAH C REGISTER" the next day.  The Registers timely appealed.[2]

Typically, we review the district court's denial of a summary judgment motion *de novo*.  *Essex Insurance Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018).  We also review *de novo* the sufficiency of the evidence to support a verdict at a civil trial, inquiring whether, viewing the facts in the light most

---

[2] After the Registers filed their notice of appeal, a panel of this Court issued a jurisdictional question to the parties asking "whether Count Three has been resolved with respect to ARC such that there has been a final determination as to all claims against all parties."  In their responses, the parties agreed that none of Kopcsak's claims survived against ARC once the district court granted summary judgment in favor of ARC based on its determination that ARC was exempt from the FHA.

The courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291.  A final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (quotations omitted).  We use a "functional test" in assessing finality, looking to the practical effect of a district court's order instead of its form.  *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243-44 (11th Cir. 2014).  Here, the district court's determination that ARC was exempt from the FHA effectively foreclosed Kopcsak from pursuing any of his claims against ARC; moreover, both parties and the district court appear to have considered the summary judgment order a "final determination" of all of Kopcsak's claims against ARC.  Thus, once the district court permitted Kopcsak to drop Count II and entered judgment in his favor against the Registers as to Counts I and III, there were no issues left for the district court to resolve, its judgment was final as to all claims and all parties, and we have jurisdiction over the appeal.

favorable to the prevailing party, "no legally sufficient evidentiary basis exists for a reasonable jury to find for that party on that issue." *Rossbach v. City of Miami*, 371 F.3d 1354, 1356 (11th Cir. 2004) (quotations omitted).

Here, however, we cannot reach the merits of either of the Registers' claims on appeal. They first argue that the district court erred in concluding that the FHA applied to them and denying their motion for summary judgment. In that decision, the district court found undisputed the number of homes they had interests in and their use of ARC as a property manager, which precluded their exemption from the FHA. *See* 42 U.S.C. § 3603(b)(1). The case then proceeded to trial against the Registers. But our case law is clear that we "will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits." *Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1286 (11th Cir. 2001) (adopting the rule and listing the other adequate remedies for a party who believes the district court improperly denied summary judgment, including seeking certification for an interlocutory appeal, or moving for judgment as a matter of law after a jury verdict). Because the Registers' case proceeded to a full trial and judgment on the merits following the district court's denial of their motion for summary judgment, we are unable to review the pre-trial summary judgment order's determination that they were not exempt from the FHA. *See id.* Thus, the Registers are not entitled to any relief on this issue.

Nor can we consider the merits of the Registers' second claim -- that the sufficiency of the evidence did not support the jury's verdict that they retaliated against Kopcsak in response to his request for a service animal.  This is because the Registers did not file a motion after the jury verdict under Federal Rule of Civil Procedure 50(b), the mechanism by which an adverse party in a civil jury trial may, post-verdict, challenge the sufficiency of the evidence in support of the jury's verdict.  *See* Fed. R. Civ. P. 50(b).  Instead, after the jury verdict was rendered, the Registers said only that they would be filing an appeal; they never mentioned any problems they had with the jury's verdict.

The Registers' failure to file a Rule 50(b) motion is fatal to their challenge on appeal to the jury verdict.  The Supreme Court has expressly directed that "'[i]n the absence of [a Rule 50(b)] motion' an 'appellate court [is] without power to direct the District Court to enter judgment contrary to the one it had permitted to stand.'"  *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006) (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 218 (1947)).  According to the Supreme Court, the district court's consideration of a Rule 50(b) motion is vital to the decision-making process: The "[d]etermination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and

20-14850               Opinion of the Court                    7

heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Cone*, 330 U.S. at 216.[3]

Because the Registers did not file a Rule 50(b) motion with the district court, we have no authority to consider their challenge to the sufficiency of the evidence in support of the jury's verdict. *Unitherm*, 546 U.S. at 400-01. And while the Registers argue that they should be afforded lenience because they proceeded *pro se* during the trial, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Indeed, the Supreme Court has made clear that the "requirement of a timely application for judgment after verdict [under Rule 50(b)] is not an idle motion," but rather, it "is . . . an essential part of the rule, firmly grounded in principles of fairness." *Johnson v. New York, N.H. & H.R. Co.*, 344 U.S. 48, 53 (1952). The Registers have not convinced us of any injustice that would result from the Rule 50(b) requirement, nor, moreover, how we could avoid it. Accordingly, we are unable to consider their challenge to the jury verdict, and we affirm.

**AFFIRMED**.

---

[3] A Rule 50(b) motion is a prerequisite for appellate review of the jury's verdict even if the litigant filed a Rule 50(a) motion prior to the submission of the case to the jury. *See Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1301–02 (11th Cir. 2006). It's worth noting, however, that the Registers did not file a Rule 50(a) motion in this case. Nor did they request a new trial under Rule 59.