[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11158

Non-Argument Calendar

_____

LEON F. HARRIGAN,

Plaintiff-Appellant,

*versus*

ERNESTO RODRIGUEZ,

Defendant-Appellee,

METRO DADE POLICE DEPARTMENT
STATION #4, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cv-22993-JEM

_____

Before ROSENBAUM, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Leon Harrigan, a *pro se* prisoner, appeals from the district court's order granting Ernesto Rodriguez's motion for judgment as a matter of law following a jury trial on Harrigan's 42 U.S.C. § 1983 claim. At trial, Harrigan argued that Rodriguez, a police lieutenant, used excessive force against him while he was operating a truck. The jury found that Harrigan operated the truck in a manner that created an immediate threat of death or serious bodily injury to Rodriguez. On appeal, Harrigan challenges the jury finding and several evidentiary rulings. After careful review, we affirm.

**I.**

We typically review *de novo* the sufficiency of the evidence to support a verdict at a civil trial, *Rossbach v. City of Miami*, 371 F.3d 1354, 1356 (11th Cir. 2004), but we have no authority to consider this kind of challenge if the requirements of Federal Rule of Civil Procedure 50(b) were not satisfied in the district court, *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006). We review a district court's decisions on whether to admit expert testimony and whether to hold an evidentiary hearing for abuse of

discretion. *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1242 (11th Cir. 2021); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). We also review for abuse of discretion the district court's treatment of a magistrate judge's report and recommendation. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). A district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir. 2019). When we review evidentiary rulings, "deference . . . is the hallmark of abuse-of-discretion" and we will "affirm the district court even though we would have gone the other way had it been our call." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (quotations omitted).

"[W]e can affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). Although pleadings drafted by a *pro se* litigant are liberally construed, a *pro se* litigant must nonetheless conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Moreover, we do not address arguments advanced for the first time in an appellant's reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

## II.

First, we are unable to review Harrington's arguments that he is entitled to a new trial because he did not file any post-verdict

motions in the district court.  Federal Rule of Civil Procedure 50 sets forth the procedural requirements for challenging the sufficiency of the evidence in a civil jury trial.  *Unitherm Food Sys.*, 546 U.S. at 399.  Rule 50(a) permits a party to move for judgment as a matter of law before a verdict has been returned.  Fed. R. Civ. P. 50(a).  A party may then renew its motion for judgment as a matter of law under Rule 50(b) after the jury has returned its verdict. Fed. R. Civ. P. 50(b).

The Supreme Court has held that, in the absence of a post-verdict motion under Rule 50(b), an appellate court is without power to direct the district court to enter judgment contrary to the one it permitted to stand.  *Unitherm Food Sys.*, 546 U.S. at 400–01. Thus, failure to comply with Rule 50(b) forecloses a party's challenge to the sufficiency of the evidence on appeal.  *Id.* at 404; *see also Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1301–02 (11th Cir. 2006) (affirming the judgment because we lacked authority to consider the appellant's challenge to the jury's verdict below).  But even where a party waived its challenge to the sufficiency of the evidence on appeal by failing to file a post-verdict motion, we've considered the party's other challenges on the merits. *St. Louis Condo.*, 5 F.4th at 1243–46 (addressing party's challenges that the district court abused its discretion by striking his expert and denying his evidentiary motion, even though party waived sufficiency of evidence challenge); *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1292–93 (11th Cir. 2016) (addressing party's challenge that the district court erred in admitting testimony even though party waived sufficiency of evidence challenge).

Here, Harrigan never filed a Rule 50(a) motion for judgment as a matter of law, nor did he file a post-judgment motion under Rule 50(b). As our binding precedent makes clear, absent a Rule 50(b) motion, we are without power to review the sufficiency of the evidence or to enter judgment in Harrigan's favor. Moreover, Harrigan's status as a *pro se* litigant does not excuse his failure to follow procedural rules. And, as for the claim in his reply brief that his notice of appeal should be construed as a post-verdict motion, we will not consider an argument raised for the first time in a reply brief. Accordingly, we affirm the district court's judgment on the basis of the jury verdict. Nonetheless, we retain the power to review Harrigan's other challenges, and we address them below.

## III.

Next, we are unpersuaded by Harrington's argument that the district court abused its discretion in striking his prospective expert and not holding an evidentiary hearing on the matter. Rule 26 requires that "[a] party must make [expert witness] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quotations omitted). In order to make a proper disclosure, parties must, by the deadline, disclose the identity of their experts "accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). This written report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*; *see also Reese*, 527 F.3d at 1265 ("Disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefor.") (quotations omitted).

If a party violates Rule 26, Rule 37 provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In evaluating whether the failure to timely disclose a witness is substantially justified or harmless under Rule 37, we consider "(1) the importance of the testimony; (2) the reason for the [disclosing party]'s failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). So, in

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, we held that a party had demonstrated substantial justification where he'd identified his expert as early as his complaint; he had told the opposing party pre-discovery of his need to depose before producing the report; he had engaged in a good-faith attempt to accommodate the opposing party's deposition schedule; he had a good-faith belief that it was strategic to engage in fact discovery before expert discovery; the opposing party had moved for an extension of discovery; and the trial date had not been set. 549 F.3d 1344, 1363–65 (11th Cir. 2008).

Notably, "regardless of the importance of [a prospective expert's testimony,] the reasons for the delay in [disclosing] and the consequent prejudice that his testimony would have caused [the opposing party] [may] require us to affirm the district court's ruling." *Bearint*, 389 F.3d at 1353. Thus, for example, we've affirmed on the prejudice prong where the opposing party "would have been blindsided by a new witness offering facts directly contradicting its own account of events." *Id.* at 1354. Additionally, we've suggested that, rather than disclose an expert in an untimely manner, a party should file a motion to extend the discovery period "so as to permit a proper disclosure." *Reese*, 527 F.3d at 1266; *see also R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818 (11th Cir. 1999) (noting that requesting a continuance "would have minimized the prejudice to [the opposing party]").

"[W]e have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662

F.3d 1292, 1307 (11th Cir. 2011) (discussing delayed requests for subpoenas and discovery). This includes where the district court excludes untimely disclosed experts. *Bearint*, 389 F.3d at 1348–49. And where a party's prospective expert cannot be deposed until after the discovery deadline, a district court does not abuse its discretion in striking that expert. *St. Louis Condo.*, 5 F.4th at 1244 (noting that the magistrate judge had already extended the discovery deadline). Accordingly, although a court has the authority to grant a *post hoc* extension of a discovery deadline for good cause, it has no obligation to do so. *Josendis*, 662 F.3d at 1307. Further, where "[a]n evidentiary hearing would have served no useful purpose in aid of the court's analysis," a court does not abuse its discretion by failing to hold one. *Cano v. Baker*, 435 F.3d 1337, 1342–43 (11th Cir. 2006) (applying this holding to a Rule 60(b) motion).

Here, the district court did not abuse its discretion in excluding Harrigan's prospective expert testimony. As the record reveals, the court ordered all discovery, including expert discovery, to be completed by July 22, 2022, and, by that date, Harrigan had identified an expert and submitted his curriculum vitae to the defendant, Rodriguez. Harrigan did not, however, submit a written report, the expert's opinions and the reasons for them, the facts the expert considered in forming the opinions he is expected to offer, any exhibits that will be used in support of the expert's opinion, a list of the expert's trial or deposition testimony in the past four years, or the expert's fee schedule. Thus, Harrigan failed to comply with Rule 26, so his only available relief was by demonstrating that his failure was substantially justified or harmless under Rule 37.

The district court did not abuse its discretion in failing to excuse Harrigan's delay. Although the court did not directly cite Rule 26 or Rule 37, it affirmed the magistrate judge's order which cited both Rules, and it noted several factors relevant under both Rules. For instance, the district court noted that Harrigan had still not produced the report, that this delay was prejudicial since the trial had already started, and that Harrigan failed to request an extension of the pretrial deadlines. Moreover, we can affirm on any basis supported by the record, and, considering the record as a whole, the district court did not abuse its discretion in failing to excuse Harrigan's delay. This is especially true since Harrigan failed to request an extension to extend the discovery period, his expert could only be deposed *after* the discovery deadline, and the magistrate judge had already extended the discovery period.

Nor did the district court abuse its discretion in failing to hold an evidentiary hearing on the issue. As the district court correctly found, there was no material dispute of fact. Indeed, Harrigan still had not produced the expert report by the date of the order, at which time the trial had already begun. And as for Harrigan's argument, in his reply brief, that the magistrate judge was biased against him and that Rodriguez wanted to strike his expert to benefit himself, we will not consider an argument raised for the first time in a reply brief. Accordingly, we affirm as to this issue.

## IV.

Finally, we find no merit to Harrington's argument that the district court erred in admitting evidence of Harrigan's criminal

record in his first trial.  It is well established that an appellant's brief must include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A); *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).  An appellant abandons a claim where he presents it "in a perfunctory manner without supporting arguments and authority."  *Sapuppo*, 739 F.3d at 681.  "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal."  *Id.* (quoting *Singh*, 561 F.3d at 1278).

Here, even liberally construing his brief, Harrigan only cites to the admission of his criminal records in his *first* trial -- which resulted in a mistrial -- without citing to their admission in his second, operative trial.  This is particularly problematic since the evidence entered at the second trial concerning Harrigan's criminal convictions was substantially different -- and much more limited -- than the evidence admitted in the first trial.  Thus, he has abandoned his argument concerning the admission of his criminal records at the relevant trial.  Accordingly, we affirm as to this issue as well.

**AFFIRMED.**