**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 13-1324
_____

IN RE: INNOVATIVE COMMUNICATION CORPORATION, Debtor

JAMES P. CARROLL,
Liquidating Trustee Under Reorganization Plan of Innovative
Communications Company LLC, et al., Confirmed Debtors

v.

DAWN PROSSER,
                                     Appellant

_____

On Appeal from the District Court
Of the Virgin Islands – Appellate Division
(District Court No.:  3-08-cv-00146)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted under Third Circuit LAR 34.1(a)
on May 16, 2014

Before:  RENDELL, FUENTES and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: May 16, 2014)

**RENDELL**, <u>Circuit Judge</u>:

Appellant Dawn Prosser appeals four orders of the District Court relating to the fraudulent transfer action brought against her by the Chapter 11 Trustee of the bankruptcy estates of Innovative Communication Corporation ("New ICC"), Emerging Communications, Inc. ("ECI"), and Innovative Communications Company, LLC ("ICC-LLC") (collectively, the "ICC Debtors"): (1) the order denying her motion to dismiss; (2) the order granting a new trial on Counts 1, 2, and 5; (3) the order entering judgment as a matter of law on Count 6; and (4) the order dismissing with prejudice Counts 1, 2, and 5. The Chapter 11 Trustee has cross-moved to dismiss the appeal for lack of jurisdiction as it relates to Counts 1, 2, and 5. We will deny the Chapter 11 Trustee's cross-motion for partial dismissal of the appeal but affirm the orders of the District Court.

I.

Since we write principally for the benefit of the parties, we summarize only the essential facts and procedural history. Appellant's husband, Jeffrey Prosser, was the owner and sole member of ICC-LLC, which, in turn, owned New ICC, a company that provided telephone, internet, and cable service to the U.S. Virgin Islands and other Caribbean islands. Jeffrey was also the CEO and Chairman of the Board of New ICC.

2

In July 2006, Jeffrey filed a Chapter 11 bankruptcy petition. The Bankruptcy Court later converted Jeffrey's case from Chapter 11 to Chapter 7 and appointed James Carroll as the Trustee for Jeffrey's estate.[1] In July 2007, various creditors filed an involuntary Chapter 11 bankruptcy petition against New ICC. Stan Springel was appointed the Trustee for the ICC Debtors' bankruptcy estates.

In the several months leading up to the filing of the bankruptcy petitions and after the petitions were filed, Jeffrey acquired, directly and indirectly from the ICC Debtors, millions of dollars of real and personal property, which he transferred to his wife. In late 2007, Trustee Springel initiated an action (the "Turnover Action") in the Bankruptcy Court pursuant to 11 U.S.C. § 542, seeking turnover of this property to the ICC Debtors' bankruptcy estates. Trustee Carroll subsequently intervened on behalf of Jeffrey's bankruptcy estate. The Trustees proceeded on the theory that there had been no legal transfer of ownership of the property in dispute so it belonged to the bankruptcy estates.[2]

After the Turnover Action was filed, but before it was tried, Trustee Springel and Trustee Carroll filed complaints against Appellant in Bankruptcy Court, asserting that to the extent that Appellant is the owner of the property in dispute, she acquired ownership through fraudulent transfers from the ICC Debtors. Trustee Springel stated claims pursuant to 11 U.S.C. §§ 548(a), 544(b), 549 and territorial law. After the fraudulent transfer actions were transferred to the District Court, Appellant filed motions to dismiss

---

[1] Trustee Carroll now also serves as the Chapter 11 Trustee for the ICC Debtors' bankruptcy estates. It is in this capacity that he brings the present appeal.

[2] After a bench trial, the Bankruptcy Court found that, pursuant to § 542, certain items of property needed to be turned over to the Chapter 7 estate but that nothing needed to be turned over to the Chapter 11 estate.

each action, asserting that the Trustees' claims were barred by the doctrines of collateral estoppel, election of remedies, and judicial estoppel, and that, by allowing the Trustees to pursue relief under multiple statutes for the same set of facts, the District Court rendered the statutes "redundant and superfluous." Appellant's Br. 64. Appellant argued that the Trustees had already tried the issues asserted in the fraudulent transfer action in the Turnover Action and were thus precluded from relitigating those issues. In a single order, the District Court denied both motions to dismiss, noting that the issues relating to fraudulent transfers were not decided in the Turnover Action.

The Chapter 7 and Chapter 11 Trustees' fraudulent transfer actions were consolidated for discovery and trial although separate juries were assigned to each matter. On June 10, 2011, the jury returned a verdict in favor of Appellant and against Trustee Springel on all counts.[3] Trustee Springel made post-trial motions for judgment as a matter of law on Count 6 (regarding recovery of unauthorized post-petition transfers pursuant to 11 U.S.C. § 549(a)) and for a new trial on Counts 1, 2, and 5 (regarding actual and constructive fraud pursuant to 11 U.S.C. §§ 544(b), 548(a), and 550). The District Court vacated the jury's verdict in favor of Appellant and granted both of the Trustee's motions. Trustee Springel subsequently filed a motion to dismiss Counts 1, 2, and 5 of the complaint on the grounds that dismissal would be in the best interest of the estate. The District Court granted the Trustee's motion, dismissing with prejudice Counts 1, 2, and 5.

---

[3] The jury in the Chapter 7 Trustee's fraudulent transfer action, however, found in favor of the Trustee.

II.

Appellant seeks to have us reverse the District Court's denial of her motion to dismiss the case in its entirety, or to reinstate the jury's verdict and grant judgment in her favor. She argues that the District Court erred in: (1) dismissing with prejudice Counts 1, 2, and 5; (2) granting the Chapter 11 Trustee a new trial on these counts; (3) entering judgment as a matter of law on Count 6; and (4) denying her motion to dismiss the case prior to trial.

As an initial matter, we find that the District Court did not abuse its discretion in granting Trustee Springel's motion to voluntarily dismiss Counts 1, 2, and 5. *See Ferguson v. Eakle*, 492 F.2d 26, 28-29 (3d Cir. 1974) (explaining that abuse of discretion standard applies to grants of voluntary dismissals). We have held that generally, motions to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure should be granted liberally. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). "An order of dismissal entered pursuant to [Rule 41(a)(2)] . . . should not be disturbed on appeal of the defendant except for arbitrary action which has subjected the defendant to plain prejudice beyond the prospect of subsequent litigation." *Westinghouse Elec. Corp. v. United Elec. Radio & Mach. Workers of Am.*, 194 F.2d 770, 771 (3d Cir. 1952). Here, Appellant has not shown how she was prejudiced by the dismissal of the Trustee's claims.[4] The claims have been dismissed with prejudice so she will not need to defend

---

[4] We note that in opposing the Trustee's motion to dismiss in the District Court, Appellant filed a response brief opposing the motion but only stating that she was preserving her right of appeal. In her single appellate brief, Appellant does not address why the District Court's order dismissing the Counts should be reversed. *Cf. Laborers'*

against them again. To the extent that Appellant now seeks to have the order denying her motion to dismiss reversed, it would seem that even a partial dismissal with prejudice would be in her favor. Consequently, we find that the District Court properly exercised its discretion in dismissing Counts 1, 2, and 5 with prejudice.

Since we affirm the dismissal of these Counts, the remainder of the appeal as it relates to them is moot. "Article III requires that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 247 (3d Cir. 2013) (internal quotation marks and citation omitted). If "'developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)). When there is a dismissal with prejudice, we have held that the claims "are gone forever—they are not reviewable by this Court. . . ." *Camesi*, 729 F.3d at 247. Therefore, we may not review Appellant's remaining claims regarding Counts 1, 2, and 5.

---

*Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted). Appellant only touches on the issue in her response to the Chapter 11 Trustee's cross-motion to dismiss portions of her appeal. In her response, she makes the vague claim that the jury verdict in her favor could benefit her in other pending litigation against her. At the time the Counts were dismissed, however, the jury verdict in her favor had been vacated. Furthermore, Appellant has not specified how the jury verdict would aid her in other litigation even if it were reinstated.

Below we address whether the District Court erred in denying Appellant's motion to dismiss as it relates to Count 6 and/or in granting judgment as a matter of law on Count 6. For the following reasons, we will affirm.

A.

Appellant argues that the District Court should have granted her pretrial motion to dismiss because Trustee Springel was precluded from bringing his claims under the doctrines of collateral estoppel, judicial estoppel, and election of remedies. Appellant also claims that allowing Trustee Springel to pursue relief under multiple statutes for the same set of facts would render the statutes "redundant and superfluous." Appellant's Br. 64. For the reasons set forth in our opinion in *In re Prosser*, 534 F. App'x 126, 129-31 (3d Cir. 2013), we find Appellant's arguments to be meritless. Appellant raised nearly identical arguments on appeal of the denial of her motion to dismiss in the Chapter 7 Trustee's fraudulent transfer action. Although the facts involved in the two cases differ slightly, the underlying issues are the same and the reasoning from our prior opinion applies with equal force here. Rather than repeating the thorough analysis contained in that opinion, we adopt it as it pertains to this case. We, therefore, will affirm the District Court's order denying Appellant's motion to dismiss.

B.

Appellant next argues that the District Court erred in granting judgment as a matter of law on Count 6 of the complaint. We exercise plenary review over a judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. *Brownstein v. Lindsay*, 742 F.3d 55, 63 (3d Cir. 2014). A motion for judgment as a matter of law

"should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." *Id.* (internal quotation marks and citation omitted).

Count 6 of the Chapter 11 Trustee's complaint sought recovery pursuant to 11 U.S.C. § 549 for unauthorized post-petition transfers made from the ICC Debtors to Appellant. Section 549 of the Bankruptcy Code provides that a trustee "may avoid a transfer of property of the estate" that is made after the bankruptcy case is filed and that is not authorized by the Bankruptcy Code or Bankruptcy Court. 11 U.S.C. § 549. Appellant argues that the District Court improperly disturbed the jury verdict since "the record was replete with evidence" that the transfers to her were from Jeffrey rather than from the ICC Debtors. Appellant's Br. 53. Appellant, however, fails to provide a single citation to the record and as a result we are left without any guidance as to which transfers she is referring. Although the Chapter 7 Trustee submitted evidence that some of the transfers he sought to avoid originated as payments made by New ICC to Jeffrey, which in turn Jeffrey transferred to Appellant, these transfers were not the subject of the Chapter 11 Trustee's claim. As the District Court explained, the Chapter 11 Trustee presented documentary evidence and witness testimony which established that Appellant received transfers from the ICC Debtors after the commencement of the bankruptcy proceedings that were not authorized by the Bankruptcy Court or Code. (*See* App. xvii-xviii.) Since this evidence remains uncontroverted, the District Court properly granted the Chapter 11 Trustee's motion for judgment as a matter of law on Count 6.

III.

For the reasons set forth above, we will deny the Chapter 11 Trustee's cross-motion for partial dismissal of the appeal and affirm the orders of the District Court.