11-848-cv (L)
In re: Douglas E. Palermo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

_____

IN THE MATTER OF DOUGLAS E. PALERMO,

                   *Debtor*.

_____

DAVID R. KITTAY, TRUSTEE,

                   *Plaintiff-Appellee*,

         -v-
                                              11-848-cv(L), 11-4018

JOSEPH KORFF,

                   *Defendant-Appellant*.

_____

Appearing for Appellant:     Carl W. Oberdier (Kellen G. Ressmeyer, *on the brief*), Oberdier
                             Ressmeyer LLP, New York, N.Y., *for Defendant-Appellant*.

Appearing for Appellee:      Lita Beth Wright (Thomas M. Monahan, *on the brief*), Storch
                             Amini & Munves PC, New York, N.Y., *for Plaintiff-Appellee*.

Appeal from the United States District Court for the Southern District of New York (Patterson, Jr., *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellee, David R. Kittay, the trustee of the estate in bankruptcy of debtor Douglas Palermo, brought proceedings in bankruptcy court to void several conveyances made by Palermo as fraudulent under New York's Debtor and Creditor Law ("DCL") Sections 273, 274, 275, and 276 , and 11 U.S.C. §§ 544(b)(1) and 550. Defendant-Appellant Joseph Korff moved to withdraw the reference from bankruptcy court. The matter was transferred to the Southern District of New York, where a jury found in Kittay's favor. On appeal, Korff asserts that equitable tolling did not apply to the complaint, that the jury's verdict was unsupported, that there were errors in the jury charge, and that the district court erred in awarding prejudgment interest without explanation. Kittay's claims as to the timeliness of the complaint and prejudgment interest have been decided in an opinion issued simultaneously with this summary order. We address the remaining claims here. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* . . . [a] challenge to the denial of [] motions for judgment as a matter of law, viewing the evidence, as the district court was required to, in the light most favorable to the nonmoving party." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 141 (2d Cir. 2008) (internal quotation marks omitted).

> Where, as here, a jury has deliberated in a case and actually returned its verdict, a district court may set aside the verdict pursuant to Rule 50 only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him."

*AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 456 (2d Cir. 2009) (quoting *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005) (alterations and internal quotation marks omitted)).

Korff claims that such a standard was met here on Kittay's DCL §§ 273-275 claims (constructive fraud) and 276 claim (intentional fraud).

> Under the DCL, a conveyance by a debtor is deemed constructively fraudulent if it is made without "fair consideration," and (*inter alia* ) if one of the following conditions is met: (i) the transferor is insolvent or will be

2

rendered insolvent by the transfer in question, DCL § 273; (ii) the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital, DCL § 274; or (iii) the transferor believes that it will incur debt beyond its ability to pay, DCL § 275.

*Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 53 (2d Cir. 2005). Korff's only argument on appeal is that the lack of fair consideration was not established. On this point, Korff argues that it was undisputed that the transfer was in repayment of antecedent debt. But that was not at all undisputed at trial— Korff and Palermo each gave evasive and contradictory testimony that suggested both that the money constituted fees fully and fairly earned by Korff and that it was paid entirely in repayment for debts owed to him by Palermo. This testimony completely failed to explain how Korff earned his fee, or why, after earning such a fee, he was obligated to give up his rights to a valuable antecedent debt before receiving it. No evidence of underlying contemporaneous loan agreements, which might indicate the loan terms or time for repayment, was presented to the jury, and what testimony there was on this point was lacking in concrete detail. The jury was entitled to draw from this contradictory and limited evidence the conclusion that fair consideration wasn't given. In no sense was the jury obligated, as Korff seems to suggest, to credit the self-serving portions of both his and Palermo's testimony and ignore that which was vague and contradictory. The jury was amply supported in its verdict. Even were it not so well supported, at a minimum, it cannot be said that the jury's findings could only have been the result of sheer surmise and conjecture.

Korff's claims as to DCL §276 fail similarly. There was sufficient evidence from which the jury could have found actual intent on the part of Palermo to effectuate a fraudulent transfer.

We find no merit to Korff's arguments that the district court erred in the jury charge. Korff argues that the district court erred in not submitting a charge to the jury on attorney's fees. But under New York law, the ultimate decision as to attorney's fees belongs to the judge, not the jury. *See* DCL § 276-a (McKinney 2013) (indicating "the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor"). To the extent the jury has a role in the determination of whether attorney's fees are to be awarded pursuant to DCL § 276-a, the jury specifically indicated on the verdict sheet that Korff had "actual intent to defraud Mr. Palermo's creditors," a finding which is required before attorney's fees can be awarded. *Carey v. Crescenzi,* 923 F.2d 18, 21-22 (2d Cir. 1991). If any error was present in this part of the charge, the error was harmless.

Korff also argues that the district court erred in refusing to give an instruction under DCL § 278(a) for partial consideration. Even if it was error to fail to give the instruction, it was harmless. Under Section 278, only one who acted "without actual fraudulent intent . . . may retain the property or obligation as security for repayment." DCL § 278 (McKinney 2013). The jury in this case found actual fraudulent intent, and so could not have awarded partial consideration. Korff's suggestion that the jury might have done something different had it known about partial consideration cannot avail him, because it requires us to accept either that

3

the jury was not following the law in rendering its verdict or that it would not be following the law in rendering a verdict under this instruction.  Either the plaintiff proved Korff acted with actual intent or he did not.  We "presume that juries understand and abide by a district court's . . . instructions."  *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002).  The possibility of partial consideration could not appropriately have affected the jury's verdict.

We have examined the remainder of appellant's arguments and either find them to be without merit or have addressed them in the opinion filed today with this order.

Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4