[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14620
_____

D.C. Docket No. 1:12-cv-22275-PAS


MAURY ROSENBERG,

Plaintiff - Appellant
Cross Appellee,

versus

DVI RECEIVABLES XIV, LLC,
DVI RECEIVABLES XVI, LLC,
DVI RECEIVABLES XVII, LLC,
DVI RECEIVABLES XVIII, LLC,
DVI RECEIVABLES XIX, LLC,
DVI FUNDING, LLC
U.S. BANK, NA.A. et al.,

Defendants - Appellees
Cross Appellants.
_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(April 8, 2016)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

MARCUS, Circuit Judge:

At issue today is whether a federal district court is obliged to follow the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure when trying a bankruptcy case arising under title 11 of the United States Code. In entertaining the defendants' Fed. R. Civ. P. 50(b) motion for judgment as a matter of law after a jury trial, the district court applied the filing deadline found in the Federal Civil Rules (no later than 28 days after the entry of judgment) and thus found the motion timely. We disagree and hold that when trying a case arising under title 11, a district court (just like a bankruptcy court) must apply the filing deadline found in the Federal Rules of Bankruptcy Procedure when addressing a Rule 50(b) motion. Because, under the Federal Bankruptcy Rules, the defendants' Rule 50(b) post-trial motion was untimely -- Fed. R. Bankr. P. 9015(c) requires that such motions be filed no later than 14 days after entry of judgment -- we vacate the district court's order granting the defendants relief and remand with instructions to reinstate the jury's award.

2

## I.

This case comes before us with a complex factual and procedural history.[1] The essential facts are these.  In November 2008, Jane Fox -- on behalf of several companies ("the DVI Entities") that had entered into equipment leases with Maury Rosenberg in connection with his chain of medical imaging centers -- filed an involuntary Chapter 7 bankruptcy petition against Rosenberg, asserting a claim based on an individual limited guaranty Rosenberg had made in connection with the leases.  The petition was originally filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania, but was later transferred to the Bankruptcy Court for the Southern District of Florida.  In August 2009, the bankruptcy court granted Rosenberg's motion to dismiss the petition because the DVI Entities were not eligible creditors and, alternatively, because they were judicially estopped from prosecuting the case.  Although it dismissed the petition with prejudice, the bankruptcy court retained jurisdiction to award Rosenberg his costs, reasonable attorney's fees, and damages (if appropriate) under 11 U.S.C. § 303(i).

In December 2010, Rosenberg filed an adversary complaint against the defendants under 11 U.S.C. § 303(i).  Section 303(i) acts to discourage creditors from improperly filing involuntary petitions by providing:

---

[1] A full recitation of the factual background surrounding this case may be found in In re Rosenberg, 779 F.3d 1254 (11th Cir. 2015).

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
>
> > (1) against the petitioners and in favor of the debtor for—
> > > (A) costs; or
> > > (B) a reasonable attorney's fee; or
> >
> > (2) against any petitioner that filed the petition in bad faith, for—
> > > (A) any damages proximately caused by such filing; or
> > > (B) punitive damages.

11 U.S.C. § 303(i). Specifically, Rosenberg sought: (1) attorney's fees and costs incurred while defending the involuntary petition; (2) compensatory and punitive damages caused by filing the petition in bad faith; and (3) attorney's fees and costs incurred while prosecuting the adversary proceeding itself.

In March 2012, Rosenberg demanded a jury trial on all triable issues in his adversary proceeding. The defendants did not consent to a jury trial in the bankruptcy court, but, instead, moved the district court to withdraw the reference of the adversary proceeding so that the matter could be tried in district court. The district court granted the motion, withdrew the reference of the claims for damages under § 303(i)(2) because they were analogous to common-law claims for malicious prosecution, and tried the case to a jury. Meanwhile, Rosenberg's claims for attorney's fees and costs remained in the bankruptcy court. After trial in

4

the district court, the jury found that the defendants acted in bad faith when they filed the involuntary petition and awarded Rosenberg $1,120,000 in compensatory damages (for emotional distress, loss of reputation, and loss of wages) and $5,000,000 in punitive damages. The district court entered a "final judgment" on its docket on March 14, 2013.

The defendants then moved for judgment as a matter of law under Fed. R. Civ. P. 50(b) 28 days later. Although the motion had been timely filed under Fed. R. Civ. P. 50(b), which allows parties 28 days to file a motion, Rosenberg moved to strike the motion as untimely because it fell outside the time limit provided for filing a Rule 50(b) motion under Fed. R. Bankr. P. 9015(c), which, in turn, requires that such motions be filed no later than 14 days after the entry of judgment. The district court concluded that the Federal Civil Rules applied and that the Rule 50(b) motion had been filed timely; therefore, it denied the motion to strike.

Turning to the merits, the district court granted the Rule 50(b) motion, concluding that while the evidence supported a finding of bad faith and emotional damages, it did not sustain the verdict for punitive damages or compensatory damages for loss of reputation and loss of wages. Accordingly, the district judge entered an amended final judgment holding the defendants liable only for $360,000 in compensatory damages for emotional distress.

5

Rosenberg appealed, arguing that the defendants' Rule 50(b) motion was filed untimely and, therefore, the merits of the claim should not have been considered at all.  Moreover, Rosenberg claims that even if the motion had been properly considered, the district court erred in its application of Rule 50(b).  The defendants, in turn, cross-appealed, claiming that the district court also should have overturned the jury's finding of liability for bad faith, and a damages award for emotional distress was improper because of our ruling in Lodge v. Kondaur Capital Corp., 750 F.3d 1263 (11th Cir. 2014).

## II.

The central issue in this case is whether the defendants timely filed a Rule 50(b) motion for judgment as a matter of law.  This requires us to decide whether the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure apply to the timeliness of perfecting a Rule 50(b) motion filed in a district court trying a bankruptcy case arising under title 11.  We review de novo the district court's conclusion that the deadline in the Federal Civil Rules applies.  In re Mouzon Enters., Inc., 610 F.3d 1329, 1332 (11th Cir. 2010); Mega Life & Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1403 (11th Cir. 2009).

Under the Federal Civil Rules, a party must file its post-trial motion "[n]o later than 28 days after the entry of judgment."  Fed. R. Civ. P. 50(b).  But under the Federal Bankruptcy Rules, "any renewed motion for judgment or request for a

6

new trial shall be filed no later than 14 days after the entry of judgment." Fed. R. Bankr. P. 9015(c).[2] Here, final judgment following the jury trial was entered by the district court on March 14, 2013. The defendants filed their renewed motion for judgment as a matter of law on April 11, 2013. Thus, 28 days passed between the entry of judgment and the filing of the motion. This filing would be timely under Rule 50(b), but would be 14 days delinquent under the Federal Bankruptcy Rules. Because the district court was required to apply the Federal Bankruptcy Rules and the deadline set forth in Fed. R. Bank. P. 9015(c), the defendants' motion was not timely and, therefore, should have been denied.

It is, by now, axiomatic that in interpreting the federal rules, we look first to their plain language. See In re Yates Dev., Inc., 256 F.3d 1285, 1288 (11th Cir. 2001) (citing Cmty. for Creative Non–Violence v. Reid, 490 U.S. 730, 739 (1989)). The plain language of the federal rules -- of bankruptcy and civil procedure -- requires application of the Federal Bankruptcy Rules in this case. Fed. R. Bankr. P. 1001 unambiguously provides that, "[t]he Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code. . . . These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001 was amended in 1987 for

---

[2] The full text of the rule provides: "Rule 50 F. R. Civ. P. applies in cases and proceedings, except that any renewed motion for judgment or request for a new trial shall be filed no later than 14 days after the entry of judgment." Fed. R. Bankr. P. 9015(c).

7

the specific purpose of expanding the reach of the rules beyond the bankruptcy courts to all courts hearing bankruptcy matters.  Thus, the advisory committee notes to the rule read, "This amended Bankruptcy Rule 1001 makes the Bankruptcy Rules applicable to cases and proceedings under title 11, whether before the district judges or the bankruptcy judges of the district."  Fed. R. Bankr. P. 1001 advisory committee's note to 1987 amendments.

There is no dispute that this case arises under title 11.  Rosenberg asserted claims under 11 U.S.C. § 303, and we think it is beyond debate that a case arises under title 11 when it involves a cause of action created or determined by the statutory provisions found in title 11.  At no point in these proceedings has any party disputed that the case arises under title 11; nor, indeed, have they offered any reason why Rule 1001 would not apply.

Moreover, the Federal Rules of Civil Procedure provide for the primacy of the Federal Bankruptcy Rules in bankruptcy proceedings adjudicated in district court.  Fed. R. Civ. P. 81(a)(2) ("These rules apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure."); see also Wright & Miller, Federal Practice & Procedure Civil § 1016 (3d ed.) ("[T]he amended Bankruptcy Rules govern bankruptcy procedure, and the Civil Rules apply only to the extent that they are incorporated in Parts I, V, VII, and IX of the Bankruptcy Rules.").  Notably, Fed. R. Civ. P. 81 refers to "bankruptcy

proceedings" instead of to "proceedings in a bankruptcy court." This language mirrors Fed. R. Bankr. P. 1001's language applying the bankruptcy rules to cases in both the bankruptcy and district courts. A plain reading of the rules means that in bankruptcy proceedings, the Federal Bankruptcy Rules have primacy while the Federal Civil Rules only apply to the extent they have been explicitly incorporated by the Federal Bankruptcy Rules. This prioritization of the Federal Bankruptcy Rules reflects the reasonable determination that bankruptcy cases ought to be tried with a degree of uniformity, regardless of which court may have heard the matter. A party to a bankruptcy proceeding should not be treated differently simply because the forum in which the case is tried happens to be a district court and not a bankruptcy court. Indeed, creating this kind of discrepancy would undermine the very purpose of adopting standardized rules in the first place.

Because the Federal Civil Rules only apply to bankruptcy proceedings to the extent provided by the Federal Bankruptcy Rules, we are required to read Federal Civil Rule 50 through the lens of the Federal Bankruptcy Rules. Fed. R. Bank. P. 9015(c) incorporates Fed. R. Civ. P. 50, with the explicit limitation that renewed motions for judgment must be filed within 14 days of the entry of judgment. Thus, when read in context, the rules provide that the deadline for filing a Rule 50(b) motion for judgment as a matter of law in bankruptcy proceedings is 14 days after the entry of judgment, not the 28 days that Rule 50 would ordinarily contemplate.

9

This reading of the Bankruptcy and Civil Rules yields a result consonant with how many federal courts have addressed which set of rules to apply in similar circumstances.  Thus, for example, in cases arising under title 11 but tried in district court, two of our sister circuits have applied the Federal Bankruptcy Rules to determine whether service of process was sufficient.  In re Celotex Corp., 124 F.3d 619, 630 (4th Cir. 1997); Diamond Mortg. Corp. v. Sugar, 913 F.2d 1233, 1243–44 (7th Cir. 1990).  In both cases, the courts determined that parties serving process in cases arising under title 11, but tried in district court, were permitted to use the nationwide service of process provided by Fed. R. Bankr. P. 7004, even though the Federal Civil Rules provide only for narrower means for serving process.  See id.  These holdings are noteworthy because service of process -- and the implications for personal jurisdiction that ensue -- speak to the power of a court to exercise its authority over particular individuals.  This is a fundamental aspect of the courts' authority and not something to be tinkered with lightly.  It is surely more significant than the deadline for renewing post-trial motions at issue in this case.  But even when adjudicating the means by which process is served, the method of perfecting personal jurisdiction in a district court hearing a bankruptcy case is governed by the Federal Bankruptcy Rules, not the Federal Civil Rules. This too counsels in favor of applying the Federal Bankruptcy Rules to determine the deadline for filing post-trial motions.

10

Also illuminating, we think, is the Third Circuit's ruling in <u>Phar-Mor, Inc. v.</u> <u>Coopers & Lybrand</u>, 22 F.3d 1228, 1238 (3d Cir. 1994), "that the Bankruptcy Rules govern non-core, 'related to' proceedings before a district court." Non-core proceedings offer, perhaps, the most likely circumstance for applying the Federal Civil Rules (and not the Federal Bankruptcy Rules) because these proceedings do not arise directly under the substantive rules of title 11, and, therefore, may lie outside the language of Fed. R. Bankr. P. 1001. But the Third Circuit still concluded that these essentially collateral matters also fall within the purview of the Federal Bankruptcy Rules when the case itself is a bankruptcy proceeding. Here, the matter at hand is a core proceeding: the resolution of an adversary claim brought under 11 U.S.C. § 303(i)(2).

Finally, we take note of a district court opinion in <u>VFB LLC v. Campbell</u> <u>Soup Co.</u>, 336 B.R. 81 (D. Del. 2005), where the court was faced with a motion to alter and amend its findings and judgment in a case arising under title 11 after ruling against the plaintiffs who had alleged fraudulent transfer and breach of fiduciary duty claims. The opinion hinged on how to count the days to determine the timeliness of filing a motion for a new trial -- the Federal Civil Rules do not count weekends or holidays in the 10-day deadline, while the Federal Bankruptcy Rules do count those days. The court concluded that Fed. R. Bankr. P. 9006 took precedence over Fed. R. Civ. P. 6 because the matter arose under title 11. <u>Id.</u> at

83–85.  While none of these cases speaks squarely to the issue presented in this appeal, they provide guidance.  They support the general idea that, in matters arising under title 11, the district court is obliged to apply the Bankruptcy Rules.

The defendants, however, cite to Stephenson v. Malloy, 700 F.3d 265, 270 n.5 (6th Cir. 2012), where the Sixth Circuit applied a 28-day filing deadline found in the Federal Civil Rules and not the 14-day deadline found in the Federal Bankruptcy Rules to a motion to alter or amend a judgment under Rule 59.  There is, however, no analysis of the issue offered in the court's opinion.  Indeed, there is no indication that the parties urged or that the court even considered applying the deadline found in the Federal Bankruptcy Rules instead of the timeline found in the Federal Civil Rules, nor is there a holding on the matter.  Rather, in Stephenson, the court focused on the question of judicial estoppel.  The case does not counsel in favor of applying the Civil Rules to cases arising under title 11.  See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 38 (1952) ("The effect of the omission was not there raised in briefs or argument nor discussed in the opinion of the Court. Therefore, the case is not a binding precedent on this point."); Webster v. Fall, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

The defendants also cite three other cases in support of the view that a district court trying a bankruptcy case arising under title 11 ought to apply Rule 50(b) to a motion for judgment notwithstanding the verdict. See In re Lemington Home for the Aged, 777 F.3d 620 (3d Cir. 2015); In re Palermo, 549 F. App'x 38 (2d Cir. 2014); In re Prosser, 534 F. App'x 126 (3d Cir. 2013). These cases are inapposite. Rosenberg is not arguing that Fed. R. Civ. P. 50(b) does not apply. Rather, he urges only that, as set forth in Fed. R. Bankr. P. 9015(c), the Rule 50(b) motion must be made within 14 days of the entry of final judgment, not 28 days. See Fed. R. Bankr. P. 9015(c). None of these cases addresses this point at all.

Notwithstanding the unambiguous language found in the rules, the district court determined that the 28-day timeline found in Fed. R. Civ. P. 50(b) -- and not the abbreviated timeline found in Fed. R. Bankr. P. 9015(c) -- should apply to bankruptcy cases tried in the district court because the deadline provided in each set of rules for filing a post-trial motion corresponds with the timeline for filing an appeal in each forum. Compare Fed. R. App. P. 4(a)(1)(A) (setting 30-day deadline for filing notice of appeal for civil cases), with Fed. R. Bankr. P. 8002(a) (setting 14-day deadline for appeal of bankruptcy court decisions). Thus, because the defendants here had 30 days to file an appeal, the district court found they should have 28 days to file their post-trial motion. To be sure, the advisory committee's note to the 2009 amendment of Fed. R. Bankr. P. 9015 setting the 14-

13

day deadline in that rule indicates that the reason for the shorter deadline for filing a motion for judgment as a matter of law in bankruptcy proceedings is to correspond with the shorter deadline for filing an appeal in bankruptcy cases. Fed. R. Bankr. P. 9015 advisory committee's note to 2009 amendments. The defendants argue that applying Fed. R. Bankr. P. 9015 would create a conflict with the Federal Rules of Appellate Procedure. But there is no conflict. It is perfectly compatible to require that a Rule 50(b) motion for judgment as a matter of law be filed within 14 days of the entry of judgment and require that an appeal from judgment be filed within 30 days. There is no actual conflict and no reason to disregard the plain meaning of the rules.

The defendants also suggest that Fed. R. App. P. 6(a) is inconsistent with Rosenberg's reading of Federal Bankruptcy Rules 1001 and 9015 because Fed. R. App. P. 6(a) requires that bankruptcy cases be treated as civil cases on appeal. Thus, the rule provides:

> An appeal to a court of appeals from a final judgment, order, or decree of a district court exercising jurisdiction under 28 U.S.C. § 1334 [granting district courts jurisdiction over bankruptcy cases] is taken as any other civil appeal under these rules.

Fed. R. App. P. 6(a). But this has no bearing on the timeliness for filing a Rule 50(b) motion in a bankruptcy case that was tried in district court. The rule simply means that an appellate court will treat an appeal taken from a district court order

14

deciding a bankruptcy case the same way it would treat an appeal taken from a district court order deciding a case based on some other subject matter.

Nor do we see any force in the argument that application of Fed. R. Bankr. P. 9015(c) would prevent a district court from ruling on a matter it is best-positioned to decide. Nothing about setting a 14-day timeframe for filing a Rule 50(b) motion (any more than application of a 28-day deadline) would prevent "the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. The application of a 14-day window does not create an overly onerous obligation on parties proceeding in district court any more than it does in bankruptcy court. While it is true that application of the rule in this case will prevent the district court from ruling on the merits of the defendants' Rule 50(b) motion, the same could be said any time a party files a motion outside of the timeframe supplied by a rule of procedure. But as we see it, it is the consistent application of these deadlines -- not their ad hoc abandonment -- that actually promotes the "just, speedy, and inexpensive determination" of cases.

The defendants also argue, in the alternative, that even under the shortened Fed. R. Bankr. P. 9015(c) timeline for filing a Rule 50(b) motion, their motion should be considered to have been timely filed. They say that the matter was not final until the bankruptcy court ruled on the question of attorney's fees under 11 U.S.C. § 303(i)(1) because the time period to file a Rule 50(b) motion runs from

the date when all of the claims in a case have been finally adjudicated. Thus, the argument goes, the time did not begin to run on filing a Rule 50(b) motion until the bankruptcy court actually entered final judgment on Rosenberg's § 303(i)(1) claims for attorney's fees on April 11, 2013. We remain unpersuaded.

When the district court withdrew its reference to the § 303(i)(2) adversary proceeding claims but left the § 303(i)(1) claims regarding attorneys' fees with the bankruptcy court, it created two separate claims operating on their own timelines in separate fora. The matters were tried by different judges sitting on different courts and operating on different timetables set according to the demands of separate dockets. Requiring that the two cases be deemed as one case from which no appeal (or Rule 50(b) motion) could be taken until both were decided makes little sense to us. Indeed, we have already vindicated the logic of treating the two matters separately by treating the two determinations as meriting separate appeals instead of attempting to consolidate them or forcing the parties to raise them together. See In re Rosenberg, 779 F.3d 1254 (11th Cir. 2015).

Nor does the suggestion that the ruling has never become final withstand analysis. The defendants claim that, even if we are to assume that the Federal Bankruptcy Rules apply, Fed. R. Bankr. P. 9015(c) requires that a "renewed motion for judgment or request for a new trial shall be filed no later than 14 days after the entry of judgment." Fed. R. Bankr. P. 9015(c). Then, Fed. R. Bankr. P.

16

9021 provides that "[a] judgment or order is effective when entered under Rule 5003." Fed. R. Bankr. P. 9021. Rule 5003, in turn, states that "[t]he clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made." Fed. R. Bankr. P. 5003(a). Finally, Fed. R. Bankr. P. 9001 defines "clerk" as the "bankruptcy clerk, if one has been appointed, otherwise clerk of the district court." Fed. R. Bankr. P. 9001(3). Stringing these Federal Bankruptcy Rules together, the defendants argue, the time to file a renewed motion for judgment in a bankruptcy case that is tried in the district court begins only when a bankruptcy clerk enters the judgment on its docket. Because the docket entry here was made by the clerk of the district court on the district court's docket -- and not by the bankruptcy clerk on the bankruptcy court docket -- the defendants say that the judgment has not been entered and, indeed, would never be entered until the bankruptcy clerk made an entry on its docket about a case heard in district court. Thus, the defendants argue, the 14-day period set by Fed. R. Bankr. P. 9015(c) has still not begun to run.

Again, we are unpersuaded. The defendants' reasoning leads to an absurd result, which we decline to endorse. See In re Lehman, 205 F.3d 1255, 1255–56 (11th Cir. 2000). It would require district courts exercising their unquestioned

17

jurisdiction to hear bankruptcy cases under 28 U.S.C. § 1334(b) to file their judgments with a clerk of an entirely separate court, entering judgment on a completely separate docket from its own.  Moreover, it would render this entire appeal a nullity because, without the final entry of judgment (presumably by the bankruptcy court), we would lack appellate jurisdiction, 28 U.S.C. § 1291, and the defendants' motion for post-judgment relief would arguably have been premature, see Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1556–57 (11th Cir. 1988) (noting that a post-verdict, pre-judgment Rule 50(b) motion may be premature). Finally, there is absolutely no reason to require a district court to file its judgments in cases arising under title 11 with the bankruptcy clerk.  This is purely an administrative matter that does not affect the rights or privileges of the parties in any way.

In short, both the plain language of the rules and the weight of authority counsel for the application of the Bankruptcy Rules to bankruptcy proceedings tried in district court.  Because the defendants' motion for judgment notwithstanding the verdict was filed after the expiration of the deadline for filing such motions provided by the Bankruptcy Rules, the defendants' motion was untimely and should have been denied.

Because we conclude that the defendants' Rule 50(b) motion was not timely filed, we need not (and, indeed, cannot) address whether the motion was correctly

18

decided by the district court on the merits.  Similarly, we cannot consider the defendants' argument on cross-appeal that the damages award for emotional distress runs afoul of our ruling in Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271 (11th Cir. 2014).  Regardless of how the defendants attempt to characterize their claim, we think it is clear that they seek to challenge the sufficiency of the evidence presented at trial.  The defendants argued in their pre-verdict Rule 50(a) motion that the emotional distress claim rested on insufficient evidence because Rosenberg had not shown that the defendants' conduct was the proximate cause of that distress, had failed to present any medical or psychological expert testimony, and had presented only self-serving and unsubstantiated evidence about his emotional distress.  But, notably, when the defendants filed their post-verdict Rule 50(b) motion for judgment as a matter of law, they made no mention of the emotional distress claim.  They did not argue that the evidence supporting emotional distress was insufficient either because plaintiff had failed to establish proximate cause, or because he failed to introduce any medical or expert testimony, or because the evidence presented was insufficient to establish emotional distress.  Rather, the defendants only argued in their Rule 50(b) motion that the jury lacked a legally sufficient evidentiary basis to find bad faith and award punitive damages as well as damages for loss of wages and loss of reputation.

19

The failure to renew the insufficiency claim as to emotional distress in a post-verdict Rule 50(b) motion, despite every opportunity to do so, is fatal to the defendants' argument on appeal.  Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 405 (2006) (holding that a circuit court is "powerless" to set aside a jury verdict based on insufficiency of the evidence where a party fails to raise the claim in a post-verdict Rule 50(b) motion, even where the party raised the issue in a pre-verdict Rule 50(a) motion); Hi Ltd. P'ship v. Winghouse of Fla., Inc., 451 F.3d 1300, 1302 (11th Cir. 2006) ("Filing a pre-verdict, Rule 50(a) motion for judgment as a matter of law cannot excuse a party's post-verdict failure to move for either a JNOV or a new trial pursuant to Rule 59(b).").  Moreover, even if the defendants had raised a claim about the insufficiency of the emotional distress evidence in their Rule 50(b) motion, the district court still would have been unable to entertain it because the motion had been filed too late.

We also reject the defendants' claim that the district court committed error by allowing testimony that allegedly ran counter to the court's in limine orders. We review a district court's rulings on the admissibility of evidence only for abuse of discretion.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1276 (11th Cir. 2008).  This is a particularly deferential standard requiring that we affirm a district court's ruling unless it was manifestly erroneous or constituted a clear error of

20

judgment.  United States v. Frazier, 387 F.3d 1244, 1258–59 (11th Cir. 2004).  We can discern no abuse of discretion in the district court's rulings.

### III.

The Federal Rules of Bankruptcy Procedure govern cases arising under title 11, including those tried in district court, and Fed. R. Bankr. P. 9015(c) governed the timeliness of the defendants' Rule 50(b) motion to vacate the jury's award.  Indisputably, the defendants failed to file their motion before the 14-day deadline set by the rule; therefore, we reverse the order finding the defendants' Rule 50(b) motion timely, vacate the district court's order granting the defendants relief under Rule 50(b), and remand for the district court to reinstate the jury's award.  As for the evidentiary questions, we affirm the judgment of the district court.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**