**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1681

———————

In re:  JOHN DOE,
                    Involuntary Petitioner


9197-5904 QUEBEC, INC.,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-04870)
District Judge:  Honorable Wendy Beetlestone

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2016

Before:  FISHER*, VANASKIE, and KRAUSE *Circuit Judges*.

(Opinion Filed:  March 9, 2017)

———————

OPINION**

———————

VANASKIE, *Circuit Judge.*

---

* Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The issues before us concern the appropriate filing deadlines for motions for post-judgment relief in an appeal to the District Court from a Bankruptcy Court order. In a series of missteps and mistakes, Appellant 9197-5904 Quebec Inc. ("Quebec") failed to timely file a copy of the Bankruptcy Court's record with the District Court. The District Court dismissed the case, and 20 days later Quebec requested post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b). The District Court denied the motion as untimely and subsequently denied Quebec's motion for reconsideration. Quebec timely appealed the denial of its motion for reconsideration.

For the reasons that follow, we will affirm the District Court's decision that Quebec's request for relief under Rule 59(e) was untimely, but will vacate and remand the case for the District Court to decide in the first instance whether Quebec's Rule 60(b) request was filed "within a reasonable time." Fed. R. Civ. P. 60(c).

## I.

The instant proceedings arose from Quebec's filing of an involuntary bankruptcy petition against John Doe, which was subsequently dismissed by the Bankruptcy Court. After the dismissal, Doe filed a motion to have Quebec's petition declared in bad faith. Quebec did not make an appearance at the hearing on Doe's motion, and the court granted the motion on March 24, 2015. Quebec missed the deadline to appeal the bad-faith finding to the District Court, and then unsuccessfully sought an extension to file a notice of appeal, arguing it had not received a copy of the applicable order in time to meet the deadline. On August 13, 2015, the Bankruptcy Court denied Quebec's motion for an extension.

2

On August 25, 2015, Quebec appealed the Bankruptcy Court's deadline-extension denial to the District Court. That same day, Quebec received notice that it was required to file a designation of the contents of the Bankruptcy Court record with the District Court by September 8. Quebec failed to do so, and the District Court dismissed the appeal and remanded the case to the Bankruptcy Court on September 30.

On October 20, Quebec moved in the District Court for post-judgment relief pursuant to Rules 59(e) and 60(b). Quebec argued that its appeal should be reinstated because Quebec missed the deadline to file its designation of the bankruptcy record due to excusable neglect—an inappropriately calendared deadline by Quebec's attorney. The District Court denied that motion on December 1, 2015 "as untimely," without any additional explanation. (App. at 5).

On December 7, 2015 Quebec filed a Rule 59(e) motion in the District Court arguing that the Court erred in holding that the initial Rule 59(e) motion and the Rule 60(b) motion were untimely. The Court denied that motion as well, without explanation, on March 10, 2016. This appeal followed.

## II.

This Court has jurisdiction over final orders of the District Court pursuant to 28 U.S.C. § 1291. The standard of review of a District Court decision denying a motion under Rule 59(e) and Rule 60(b) is abuse of discretion, except for issues of law, over

which our review is plenary.[1] *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 78-79 & n.4 (3d Cir. 2017).

### III.

In order to be entitled to relief under Rule 59(e), the movant must either present "new evidence" not previously available, point to "an intervening change in controlling law," or show "the need to correct a clear error of law or prevent manifest injustice." *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 230 (3d Cir. 2011). Quebec asserts that the District Court committed a clear error of law in finding its initial Rule 59(e)/60(b) motion untimely.

As to the Rule 59(e) motion, Quebec argues that the Federal Rules of Civil Procedure allowed it 28 days to file its request, and since fewer than 28 days had passed between issuance of the September 30 Order by the Court and the filing of Quebec's Motion on October 20, the request was timely. *See* Fed. R. Civ. P. 59(e). The problem with this argument, however, is that the Federal Rules of Civil Procedure are not the source of the filing deadlines in this case. It is "[t]he Bankruptcy Rules and Forms [that] govern procedure in cases under [the Bankruptcy] Code." Fed. R. Bankr. P. 1001. This general rule applies even in the District Courts—the Rules of Civil Procedure are applicable in appeals to the District Court from Bankruptcy Court orders only "to the

---

[1] The procedural posture of this appeal is complex. Although the subject of Quebec's argument is the District Court's December 1st denial order, we are reviewing only the March 10, 2016 order denying Quebec's second Rule 59(e) motion, where Quebec argued the District Court clearly erred with respect to its timeliness calculation. Thus, if Quebec is correct about the December 1st order, then the District Court should have ruled differently in its March 10 Order.

extent provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81; *see also Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1286-90 (11th Cir. 2016) (agreeing); *VFB LLC v. Campbell Soup Co.*, 336 B.R. 81, 83-85 (D. Del. 2005), *aff'd*, 482 F.3d 624 (3d Cir. 2007) (same); *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1230 (3d Cir. 1994). And under the Bankruptcy Rules, a party has only 14 days to file a Rule 59(e) motion, not the 28 days permitted by the Federal Rules of Civil Procedure. *Compare* Fed. R. Bankr. P. 9023 (14 days), *with* Fed. R. Civ. P. 59(e) (28 days). Therefore, Quebec's initial Rule 59(e) request—filed 20 days after entry of judgment—was untimely, and the District Court did not err in that respect.

Contrary to the strict deadline for requests for relief under Rule 59(e), motions filed pursuant to Rule 60(b) "must be made within a reasonable time."[2] Fed. R. Civ. P. 60(c); *cf.* Fed. R. Bankr. P. 9024 (incorporating Rule 60(b) and its reasonable-time deadline into the Bankruptcy Rules). What constitutes a "reasonable time" depends upon the facts and circumstances of each case. *See Delzona Corp. v. Sacks,* 265 F.2d 157, 159 (3d Cir. 1959). Factors that a court should consider include "the interest in finality, the reasons for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981)(per curiam).

---

[2] Rule 60(c), in pertinent part, provides that motions under subparts (1) ("mistake inadvertence, surprise, or excusable neglect"), (2) ("newly discovered evidence …"), or (3) ("fraud, . . . misrepresentation, or misconduct by an opposing party") of Rule 60(b) must be filed within a year after entry of the order or judgment in question.

In this case, the District Court made no assessment as to whether Quebec moved for relief under Rule 60(b) within a "reasonable time." Its failure to engage in any analysis in denying Quebec's Rule 60(b) motion "as untimely" on December 1, 2015 and its repetition of that failure in denying Quebec's timely Rule 59(e) motion on March 10, 2016 were clear error. Reasoned orders and opinions not only facilitate appellate review but in many cases obviate the need for it by leading the court, as part of that deliberative process, to review the applicable law and to properly apply it. As such was not the case here, we will vacate the District Court's March 10, 2016 order and remand the case for the District Court to determine in the first instance whether Quebec's invocation of Rule 60(b) was made within a reasonable time. We note that we have not considered whether Quebec actually deserves relief under Rule 60(b). If the District Court decides that the Rule 60(b) motion was timely, then the District Court should consider the merits of that question in the first instance.

Rule 60(b) gives a district court the discretion to grant a party relief if a "final judgment, order, or proceeding" was the product of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Quebec argues that its failure to timely file a designation of the contents of the Bankruptcy Court record constituted "excusable neglect," and thus the District Court should have granted the Rule 60(b) request for relief. A determination that a party's "neglect is 'excusable is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995)). In evaluating the

6

relevant circumstances, the Supreme Court has identified four factors, "without limitation," for courts to consider: (1) "the danger of prejudice," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). While district courts have discretion in determining whether to grant a Rule 60(b) motion, that discretion is bounded by reasonableness and precedent, and they do owe a "duty of explanation" when choosing to deny such a motion. *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000). Courts must review the *Pioneer* factors and memorialize their analysis. *Id.* And when they fail to do so, the Court may remand and order them to articulate their reasoning. *Id.*

**IV.**

For the reasons set forth above, we will vacate the District Court's March 10, 2016 Order and remand for further proceedings consistent with this opinion.