[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12231
Non-Argument Calendar

_____

D.C. Docket Nos. 1:12-cv-22275-PAS; 10-bkc-03812-AJC

In re: MAURY ROSENBERG,

Debtor.

_____

MAURY ROSENBERG,

Plaintiff-Appellee,

versus

DVI RECEIVABLES XIV, LLC,
DVI RECEIVABLES XVI, LLC,
DVI RECEIVABLES XVII, LLC,
DVI RECEIVABLES XVIII, LLC,
DVI RECEIVABLES XIX, LLC,
DVI FUNDING, LLC,
LYON FINANCIAL SERVICES, INC.,
U.S. BANK NATIONAL ASSOCIATION,

Defendants-Appellants,

ASHLAND FUNDING, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Lyon Financial Services, Inc., U.S. Bank National Association, and the DVI Entities (collectively, "the Appellants") appeal the district court's denial of their motion for enlargement of time to file a Fed. R. Civ. P. 50(b) motion and their motion to treat a prior Rule 50(a) motion as a timely Rule 50(b) motion. The district court ruled that it could not excuse the Appellants' untimely filing of their Rule 50(b) motion because, in light of our holding in Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998–99 (11th Cir. 1997), an attorney's misunderstanding of a rule's plain language is not excusable neglect. The court also held that treating the Appellants' Rule 50(a) motion as a Rule 50(b) motion would deviate from our mandate in the prior appeal in this case. On appeal, the Appellants challenge these determinations. After careful review, we affirm.

I.

The relevant procedural history is this. In 2008, an involuntary Chapter 7 bankruptcy petition was filed against appellee Maury Rosenberg on behalf of the

2

DVI Entities.  The following year, the bankruptcy court dismissed the petition. The court retained jurisdiction to award costs, attorney's fees, and damages under 11 U.S.C. § 303(i).  Rosenberg then filed an adversary complaint against the Appellants under § 303(i), seeking attorney's fees and costs, plus compensatory and punitive damages caused by the bad-faith filing of the petition.  He later demanded a jury trial on all triable issues.  The Appellants moved the district court to withdraw the reference of the adversary proceeding so that the case could be tried in district court.  The district court granted the motion, withdrew the reference of claims for damages, and tried the case to a jury.

The trial was bifurcated into liability and damages phases.  Before the jury returned a verdict on liability, the Appellants orally moved under Rule 50(a) for judgment as a matter of law, arguing that Rosenberg failed to offer evidence of malice or ill will that would support a bad faith claim.  The district court denied the motion, and the jury returned a verdict in favor of Rosenberg.  Before the jury completed deliberations on damages, the Appellants filed two Rule 50(a) motions challenging Rosenberg's claims for compensatory and punitive damages.  The district court denied the motions, and the jury then returned a verdict on damages, awarding Rosenberg over $1 million in compensatory damages (for emotional distress, loss of reputation, and loss of wages) and $5 million in punitive damages.

3

The Appellants renewed their motion for judgment as a matter of law, under Rule 50(b), 28 days after the district court entered judgment.  Rosenberg moved to strike the motion as untimely because it fell outside the time limit provided under Fed. R. Bankr. P. 9015(c).  The district court concluded that the Federal Rules of Civil Procedure applied, the motion was timely filed, and the motion succeeded on the merits.  Accordingly, the court entered an amended final judgment holding the Appellants liable for only $360,000 in compensatory damages for emotional distress.  Rosenberg appealed, arguing that the Appellants' Rule 50(b) motion should have been denied as untimely.  The Appellants cross-appealed, claiming, in relevant part, that the damages award for emotional distress was improper.

On appeal, we held that the Rule 50(b) motion was untimely because the Bankruptcy Rules applied to bankruptcy proceedings tried in the district court under "the plain language of the rules and the weight of authority."  Rosenberg v. DVI Receivables XIV, LLC, 818 F.3d 1283, 1292 (11th Cir. 2016).  We also rejected the Appellants' challenge to the emotional distress award because they challenged the sufficiency of the evidence to support the award in their Rule 50(a) motion on compensatory damages, but they did not renew the claim in their post-verdict Rule 50(b) motion.  Id.  Accordingly, we remanded to the district court "to reinstate the jury's award."  Id. at 1293.

4

After remand, the Appellants moved for enlargement of time to file the Rule 50(b) motion under Bankruptcy Rule 9006(b)(1), based on excusable neglect. They also moved the district court to treat their Rule 50(a) motion on punitive damages as a Rule 50(b) motion. The district court denied the motions based on our holding in Riney and the mandate rule. This appeal followed.

## II.

We review "the district court's determination of excusable neglect for abuse of discretion." Riney, 130 F.3d at 997 (11th Cir. 1997). We review de novo the application of the law-of-the-case doctrine, Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285 (11th Cir. 2004), which includes the mandate rule, Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985).

## III.

First, the district court did not abuse its discretion in concluding that the Appellants had not shown excusable neglect to allow for enlargement of time under Bankruptcy Rule 9006(b)(1). Excusable neglect "is at bottom an equitable" concept that considers all relevant circumstances surrounding the omission. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Courts employ a four-factor test to determine the existence of excusable neglect: (1) the risk of prejudice to the debtor; (2) the length of the delay and its

potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  Id.; see also Riney, 130 F.3d at 997–98. "[A]ttorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline."  Riney, 130 F.3d at 998.

Here, the Appellants made a legal error when they determined that the filing deadline for their Rule 50(b) motion was governed by the Federal Rules of Civil Procedure and not the Bankruptcy Rules.  Under Riney, that error is insufficient to demonstrate excusable neglect.  We disagree with the Appellants' argument that the district court erred when it failed to explicitly examine each of the Pioneer factors.  In Riney, we held that "as a matter of law . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect," and we explicitly noted that Pioneer did not counsel against that rule.  Id. We are also unpersuaded by the Appellants' argument that the error in this case is not a Riney error because the legal mistake in this case was not obvious and involved an obscure rule.  In the prior appeal in this case, we held that the Bankruptcy Rules applied under "the plain language of the rules."  Rosenberg, 818 F.3d at 1292.  Accordingly, the instant error was a "misunderstanding of the plain language of a rule."  Riney, 130 F.3d at 998.

6

We also reject the claim that the district court abused its discretion by failing to consider that the Federal Rules of Civil Procedure had been used during the proceedings, and that the district court and Rosenberg appeared to agree that the deadlines in the Federal Rules applied. The Appellants do not dispute that they did not review the Bankruptcy Rules before filing the Rule 50(b) motion 28 days after entry of judgment, and their failure to read the rules weakens the reasonableness of their reliance on the conduct of the district court and the opposing party. See Pinion v. Dow Chem., U.S.A., 928 F.2d 1522, 1534 (11th Cir. 1991) ("The reasonableness of [the appellant's] reliance on the action of the district court is severely undercut by the ease with which it could have read [the rule].").

Finally, we disagree that the Appellants' mistake is similar to a mistake of fact. "[W]e have recognized a material distinction between an attorney's mistake of law and a mistake of fact," but those cases involved miscommunications, ambiguous notices, or clerical errors. United States v. Davenport, 668 F.3d 1316, 1324 (11th Cir. 2012). Here, the Appellants' failure to read all of the rules and discern from their plain language that the Bankruptcy Rules applied was a mistake of law. Thus, the district court's conclusion that the Appellants' legal error did not constitute excusable neglect was not an abuse of discretion.

Nor did the district court err when it ruled that treating the Appellants' Rule 50(a) motion on punitive damages as a Rule 50(b) motion would violate the

7

mandate rule.  "The mandate rule is a specific application of the 'law of the case' doctrine which provides that subsequent courts are bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case."  Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, __ F.3d __, 2018 WL 626799, at *5 (11th Cir. Jan. 31, 2018) (quotation marks omitted).  "The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication . . . ."  Id.  (quotation marks omitted).  It has its greatest force when a case is on remand to the district court.  Id.  When a district court acts under the mandate of an appellate court, the district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."  Id. (quotation marks omitted).

In the prior appeal, we ordered "remand for the district court to reinstate the jury's award" because the post-verdict motion for judgment as a matter of law was not timely filed.  Rosenberg, 818 F.3d at 1293.  The district court could not recharacterize a prior motion to find that a timely Rule 50(b) motion had been filed and to invalidate the jury's award without running afoul of our mandate. See Winn-Dixie, 2018 WL 626799, at *5.

The Appellants argue that the mandate rule did not apply because we only decided the timeliness of their final Rule 50 motion in the prior appeal and did not determine whether its Rule 50(a) motion challenging punitive damages was a timely filed Rule 50(b) motion. We are unpersuaded. It is true that the mandate rule does not apply "when the issue in question was outside the scope of the prior appeal," Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1332 (11th Cir. 2005), but the mandate rule does apply to matters decided by necessary implication, Winn-Dixie, 2018 WL 626799, at *5. In the previous appeal, we rejected the Appellants' challenge to the compensatory damages award for emotional distress because they failed to renew their sufficiency argument in the Rule 50(b) motion. Rosenberg, 818 F.3d at 1292. We recognized that the Appellants raised their argument in their Rule 50(a) motion on compensatory damages, and we held that their failure to reiterate the argument in their Rule 50(b) motion was fatal to their challenge on appeal. Id. Because we decided in the previous appeal that the pre-verdict motion on compensatory damages was a Rule 50(a) motion, we implicitly decided that the procedurally similar pre-verdict motion on punitive damages (filed on the same day) was a Rule 50(a) motion, and, consequently, was not a timely Rule 50(b) motion.

Even if the mandate rule did not apply, reversal would not be warranted. We may affirm for any reason supported by the record, even if not relied upon by

9

the district court.  United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012).

The Appellants' Rule 50(a) motion on punitive damages was filed, and denied,

before the verdict on damages.  Rule 50(b) contemplates a motion after a verdict.

Fed. R. Civ. P. 50(b) ("Renewing the Motion After Trial").  The Appellants have

provided no precedent of this Circuit holding that a pre-verdict Rule 50 motion can

be construed as a Rule 50(b) motion.  The Appellants argue that the motion on

punitive damages was filed in accordance with Rule 50(b) because it was filed

after the liability verdict.  But the motion on punitive damages sought "dismiss[al]

[of] Plaintiff's punitive damages claim," and the jury had not yet reached a verdict

on that claim when the motion was filed.  Thus, the motion cannot now be

recharacterized as a motion filed after the award of punitive damages.

Accordingly, we affirm the district court's order denying extension of time

to file a Rule 50(b) motion and recharacterization of the Appellants' Rule 50(a)

motion on punitive damages.

**AFFIRMED.**

10