**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 18-1249

———

U.S. BANK, NATIONAL ASSOCIATION,

Appellant

v.

MAURY ROSENBERG

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-12-cv-00723)
District Judge: Honorable Cynthia M. Rufe

———

Submitted under Third Circuit L.A.R. 34.1(a)
on July 10, 2018

Before: SHWARTZ, NYGAARD, and RENDELL, *Circuit Judges*

(Opinion filed: July 31, 2018)

———

O P I N I O N[*]

———

———

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RENDELL, *Circuit Judge:*

U.S. Bank appeals the District Court's order denying its motion for mutual judgment satisfaction. Because the District Court did not abuse its discretion in denying the motion, we will affirm the District Court's order.[1]

## I.

Because we write for the parties, we set out only what is necessary to explain our decision. Appellee Rosenberg established National Medical Imaging ("NMI"), an imaging company comprised of several limited partnerships and a limited liability company. NMI entered into equipment leases with predecessors-in-interest to Appellant U.S. Bank ("U.S. Bank"). In 2003, NMI defaulted on the equipment leases. U.S. Bank brought suit against NMI and Rosenberg. The parties settled the suit pursuant to modified lease agreements, under which NMI would continue to lease the equipment at a monthly rate of $100,000. As part of the settlement agreement, Rosenberg would be personally liable for approximately $7,600,000 in the event of another default, but Rosenberg's liability would be reduced by about $127,000 for each monthly payment NMI made under the modified equipment leases.

After twenty-one months, NMI defaulted on the modified equipment leases, leaving Rosenberg personally responsible for about $5,000,000. Entities related to U.S. Bank ("DVI Entities") filed an involuntary bankruptcy petition against Rosenberg in the Eastern District of Pennsylvania. The involuntary bankruptcy proceeding was transferred

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

to the United States Bankruptcy Court for the Southern District of Florida, where Rosenberg lived. The Bankruptcy Court for the Southern District of Florida dismissed the involuntary bankruptcy petition.

After the involuntary bankruptcy petition was dismissed, Rosenberg filed an adversary action in the Bankruptcy Court for the Southern District of Florida against U.S. Bank and the DVI Entities under 11 U.S.C. § 303(i), which allows a plaintiff to recover costs, attorney fees, and damages for the bad faith filing of an involuntary bankruptcy petition. U.S. Bank and the DVI Entities moved to withdraw the reference to the District Court. The motion was granted, and Rosenberg's § 303(i) bad faith claim proceeded to a jury trial in the District Court for the Southern District of Florida. The jury found in favor of Rosenberg and awarded him approximately $1.1 million in compensatory damages and $5 million in punitive damages. Although the District Court vacated the punitive damages award and reduced the compensatory damages award, the Eleventh Circuit reinstated the jury's verdict, and a final judgment of $6,120,000 was entered in the Southern District of Florida in favor of Rosenberg and against U.S. Bank and the DVI Entities. *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1285-86 (11th Cir. 2016).

While the § 303(i) litigation was pending, U.S. Bank filed suit against Rosenberg in the Eastern District of Pennsylvania for breach of contract, alleging that because NMI had defaulted under the modified leases, Rosenberg was personally liable. After a bench trial, the District Court found in favor of U.S. Bank and awarded U.S. Bank approximately $6.5 million in damages, fees, and costs.

U.S. Bank filed a motion for mutual judgment satisfaction in the Eastern District of Pennsylvania, requesting that the District Court offset the $6,120,000 Southern District of Florida § 303(i) judgment against the $6.5 million Eastern District of Pennsylvania contract judgment. If the District Court granted U.S. Bank's motion, Rosenberg would owe U.S. Bank approximately $380,000, and U.S. Bank would owe Rosenberg nothing. The District Court denied U.S. Bank's motion. U.S. Bank appealed.

**II.**

We review the District Court's order for abuse of discretion. *Otos Tech Co. v. OGK Am., Inc.*, 393 F. App'x 5, 8 (3d Cir. 2010) (citing *N. Chi. Rolling-Mill Co. v. St. Louis Ore & Steel Co.*, 152 U.S. 596, 615 (1894)). *Cf. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 614 A.2d 1086, 1095 (Pa. 1992) (setoff is "an equitable right to be permitted solely within the sound discretion of the court"). We will not disturb the District Court's exercise of discretion unless "no reasonable person would adopt the district court's view." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002) (citation and internal quotation marks omitted). U.S. Bank's motion for mutual judgment satisfaction was filed under Federal Rule of Civil Procedure 69(a), which provides that "[a] money judgment is enforced by a writ of execution . . . . The procedure on execution . . . must accord with the procedure of the state where the court is located[.]" The parties agree that Pennsylvania law governs under Rule 69.

The District Court provided two rationales for its decision to deny the motion for mutual judgment satisfaction. First, it reasoned that the two judgments were not "mutual" because the parties involved in the two judgments were not identical. For example, the

4

DVI Entities were jointly and severally liable for the Southern District of Florida judgment, but they were not entitled to any part of the Eastern District of Pennsylvania judgment. In addition, Rosenberg had assigned his interest in the Southern District of Florida § 303(i) judgment to a trust for the benefit of his son. And, according to Rosenberg, several attorney charging liens recorded against the Southern District of Florida judgment had priority over U.S. Bank's setoff claim to that judgment.

U.S. Bank argues that the District Court's conclusion on the issue of mutuality was erroneous. However, we need not decide the merits of this argument because the District Court provided an alternative basis for its denial of the motion: "the equitable principles embodied in § 303 of the United States Bankruptcy Code preclude setoff." *U.S. Bank, Nat'l Ass'n v. Rosenberg*, 581 B.R. 424, 429-30 (E.D. Pa. 2018).

The District Court did not abuse its discretion in denying U.S. Bank's motion for mutual judgment satisfaction based on equitable principles. Setoff is "an equitable right to be permitted solely within the sound discretion of the court." *Foster*, 614 A.2d at 1095. The filing of an involuntary bankruptcy petition has devastating consequences for the putative debtor. The Bankruptcy Code's good faith filing requirement, which has "strong roots in equity," *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 334 (3d Cir. 2015) (citations and internal quotation marks omitted), seeks to prevent the improper filing of involuntary petitions and "ensures that the Bankruptcy Code's careful balancing of interests is not undermined by petitioners whose aims are antithetical to the basic purposes of bankruptcy[,]" *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 119 (3d Cir. 2004). As the District Court correctly noted, § 303(i) plays a key role in deterring

5

bad faith filing and remedying the negative effects of improperly-filed petitions. Several courts have concluded that § 303(i)'s equitable purpose would be frustrated if bad faith filers were allowed to offset a § 303(i) judgment. *See, e.g.*, *In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 255 (B.A.P. 9th Cir. 2007) ("The consensus of courts is that a setoff of this sort is impermissible."); *In re Diloreto*, 442 B.R. 373, 377 (E.D. Pa. 2010) ("the allowance of a setoff right would severely weaken the purpose of 303(i)"); *In re Forever Green Athletic Fields, Inc.*, Bankr. No. 12-13888-MDC, 2017 WL 1753104, at *7 (Bankr. E.D. Pa. May 4, 2017) (adopting *Macke*'s reasoning to deny setoff of a § 303(i) award); *In re K.P. Enter.*, 135 B.R. 174, 185-86 (Bankr. D. Me. 1992) (denying setoff of a § 303(i) award because setoff would "blunt" the policies underlying § 303(i)); *In re Schiliro*, 72 B.R. 147, 149 (Bankr. E.D. Pa. 1987) ("[A]n award pursuant to § 303(i) should not and cannot be permitted to be set off against the unsuccessful petitioning creditor's claims against the Debtor"). *See also* 2 Collier on Bankruptcy ¶ 303.33[8] (16th ed. 2018) ("[S]etoff would undermine the goals of section 303(i)").

Here, a jury determined that U.S. Bank acted in bad faith when it filed the involuntary bankruptcy petition against Rosenberg. It concluded that Rosenberg was entitled not only to compensatory damages under § 303(i) but also to substantial punitive damages, which are only warranted when the evidence shows that a defendant acted "with intentional malice" or that its conduct was "particularly egregious." *Rosenberg v. DVI Receivables, XIV, LLC*, No. 12-22275-CIV, 2014 WL 4810348, at *6 (S.D. Fla. Sept. 29, 2014), *rev'd on other grounds*, 818 F.3d 1283. In light of U.S. Bank's conduct

6

and the equitable principles embodied in § 303(i), we cannot conclude that the District Court abused its discretion by denying U.S. Bank the equitable remedy of setoff.

## III.

For the foregoing reasons, we affirm the order of the District Court.