**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4576

_____

STEPHEN C. BOWEN,
Appellant

v.

REGINALD ROBERSON; TROOPER JOHNATHAN BURNHAM; CORPORAL
ALAN TREES; CORPORAL BRIAN TORKAR

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-12-cv-00036)
District Court Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 15, 2017)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen C. Bowen appeals the District Court's judgment entered upon a jury verdict in favor of Defendants in his civil rights lawsuit. We will affirm.

Bowen sued four police officers, claiming that each of them used excessive force when arresting him after he led them on a high-speed chase. Bowen, represented by counsel, tried his case to a jury. At the close of evidence, Bowen moved for a directed verdict on his excessive force claims against two of the officers, Defendants Trees and Trokar. See Fed. R. Civ. P. 50(a). The District Court denied Bowen's motion. The jury found that Defendants had not used excessive force against Bowen, and the District Court entered judgment for them.

Bowen, then proceeding pro se, filed a notice of appeal in the District Court. In his notice, Bowen also indicated that he wished to file two motions, which he acknowledged were untimely. First, under Fed. R. Civ. P. 50(b), Bowen argued that the District Court should have directed a verdict against Defendants Trees, Trokar, and Burnham. Second, Bowen sought a new trial under Fed. R. Civ. P. 59 because he believed the weight of the evidence compelled the jury to find in his favor. Because Bowen's motions were untimely,[1] the District Court denied them. Bowen appeals.[2]

---

[1] The District Court correctly found that Bowen's motions were untimely. The District Court entered judgment on October 8, 2014, and Bowen had 28 days from that date to seek a new trial under Fed. R. Civ. P. 50(b) or Fed. R. Civ. P. 59. Bowen did not file his post-verdict motions until November 24, 2014—more than two weeks too late.

[2] We have jurisdiction under 28 U.S.C. § 1291. The District Court granted Bowen's Fed. R. App. P. 4(a)(5) motion to extend the time to file his appeal, and his notice of appeal was thus timely filed.

2

While Bowen purports to raise a number of claims, they all have the same thrust: he contends that the jury's verdict was unsupported by the weight of the evidence. However, Bowen's "failure to comply with Rule 50(b) forecloses [his] challenge to the sufficiency of the evidence . . . ." Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006). Where, as here, a party moves for judgment as a matter of law under Rule 50(a), he must renew that request after the jury has reached a verdict, as required by Rule 50(b). See Fed. R. Civ. P. 50(b) (providing that a party may move for a post-verdict judgment under Rules 50(b) or 59). If he does not, he is foreclosed from challenging the sufficiency of the evidence on appeal. Unitherm, 546 U.S. at 404; see also Ortiz v. Jordan, 562 U.S. 180, 189 (2011) (reaffirming that absent a Rule 50(b) motion in the District Court, an appellate court will not review the sufficiency of the evidence supporting the verdict).

Here, Bowen did not timely challenge the jury's verdict in the District Court under Rule 50(b). And, although Bowen ultimately filed motions under Rules 50(b) and 59, he did so too late. Because Bowen did not seek to overturn the jury's verdict within 28 days of the trial, see Johnson v. N.Y., N.H. & H.R. Co., 344 U.S. 48, 53 (1952) (noting that a timely post-verdict motion is "an essential part of the rule"), the District Court correctly denied his untimely request. See Rosenberg v. DVI Receivables XIV, LLC, 818 F.3d 1283, 1292 (11th Cir. 2016) (an untimely Rule 50(b) motion challenging the sufficiency of the evidence is insufficient to preserve such a challenge for appellate review); see also Cone v. W. Virginia Pulp & Paper Co., 330 U.S. 212, 218 (1947) (rejecting argument that

a circuit court should grant a new trial on appeal absent a timely post-verdict motion because that "would enable litigants to extend indefinitely the prescribed . . . period simply by adoption of the expedient of an appeal"). Bowen's failure to properly challenge the sufficiency of the evidence in the District Court has forfeited his right to do so on appeal. See Rosenberg, 818 F.3d at 1292.[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] Even if we were to review Bowen's challenge to the sufficiency of the evidence, our independent review of the record reveals ample support for the jury's verdict. Each of the four Defendants testified as to their actions, and each explained how their actions were designed to stop Bowen as he led them on a dangerous, high-speed chase and then to safely effect his arrest and to respond to his repeated attempts to assault them until he was subdued. See Graham v. Connor, 490 U.S. 386, 396 (1989). That testimony, viewed in the light most favorable to Defendants, supports the jury's finding in their favor. See Kinnel v. Mid-Atlantic Mausoleums, Inc., 850 F.2d 958, 961-62 (3d Cir. 1988).